## DAVIS *v.* THE STATE.

1. The court did not err in overruling the demurrer to the accusation.
2. All other issues presented are controlled by *Lee* v. *State,* ante, 239.

No. 5414.　NOVEMBER 20, 1926.

Statement, and names of counsel, as in case next before.

GILBERT, J. 1. The accusation charges the accused with operating an automobile on a public street in the City of Atlanta without first registering the same with the Secretary of State and obtaining a license to operate said car. The accused demurred to this accusation, on the ground that it was not alleged that the accused was the owner of the automobile, and there was no law requiring any other person than the owner to register his automobile to obtain a license tag. It will be observed that the demurrer admits that the law makes penal the operation of an automobile as charged in the accusation, if operated by the owner. Ga. Laws Ex. Sess. 1915, p. 107, § 4, 8 Park's Code, § 828(x). The same section of the act provides that "every chauffeur employed to operate motor-vehicles shall likewise register and obtain a license as hereinafter provided." Non-compliance with these provisions is made a misdemeanor. The act of 1915 was amended by the act of 1921. Ga. Laws 1921, pp. 252-253. In the latter act it is

Criminal Law, 16 C. J. p. 120, n. 93; p. 121, n. 94, 95.
Motor Vehicles, 28 Cyc. p. 49, n. 56, 57.

provided "that the sheriff of each county shall arrest every chauffeur and owner of a motor-vehicle . . operating same on the public highways of Georgia" without the proper license, etc. The act of 1915, supra, § 3, contains the following definitions: "The term 'chauffeur' shall apply to any person operating a motor-vehicle, other than his own, as mechanic, employee for hire," etc.

Where a person not the owner of an automobile operates the same without complying with the law in regard to registration and license, with the permission of the owner, he is particeps criminis. The offense being a misdemeanor, he is a principal along with the owner. This principle is too well settled to require citation. Failure to prosecute the principal will in no wise relieve the accessory. It is made penal in this State for any person to operate an automobile without the owner's consent. Ga. Laws 1915, supra, § 15. It can not be assumed that the accused in the accusation operated the automobile without the consent of the owner. The conclusion follows, therefore, that he was operating with the consent and permission of the owner, and thereby became equally liable with the owner for violating the law which required the owner to register the motor-vehicle before operating the same upon streets and highways. We think this is sufficient reason to justify the trial judge in overruling the demurrer to the accusation on the ground that the same did not allege that the accused owned the motor-vehicle.

2. All other issues presented are controlled by *Lee* v. *State,* ante.

*Judgment affirmed. All the Justices concur.*