A02A0561. WEST v. THE STATE.
(565 SE2d 538)

POPE, Presiding Judge.

Alexander West was indicted on a felony charge of sale of marijuana, which the indictment alleged occurred on February 25, 2000. West's indictment contained a notice indicating that the state would seek sentencing under the recidivist statute. OCGA § 17-10-7 (c). West, who was represented by counsel, pled guilty to the charge on

---

[13] OCGA § 17-2-2 (a).

[14] OCGA § 17-2-2 (e).

May 4, 2001. The trial court declined to sentence West under the recidivist statute, however, because one of the prior convictions noted in the indictment occurred in June 2000 for a crime committed in March 2000, which was after the sale of marijuana in this case. Instead, the trial court gave West a "straight sentence" of seven years to serve.

The state subsequently filed a motion to set aside this sentence, asserting that the trial court had overlooked a second recidivist notice filed by the state on March 28, 2001, prior to sentencing. This additional notice listed three prior felony convictions that all occurred before February 25, 2000. At a second sentencing hearing, the trial court concluded that it was bound by the recidivist statute due to the three prior convictions listed in the second recidivist notice and sentenced West to the maximum sentence of ten years, six to serve.

West asserts that the trial court erred in vacating the sentence and asserts that the trial court properly exercised its discretion in declining to apply the recidivist statute at the original May 4, 2001 sentencing hearing. We disagree.

Under OCGA § 17-10-7 (a), a person who commits a felony in the state of Georgia, after having previously been convicted and sentenced for a separate felony conviction, "shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense." The trial judge, however, has the discretion to probate or suspend the maximum sentence. In addition, subsection (c) of the recidivist statute provides that upon a fourth felony conviction a felon "must . . . serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." OCGA § 17-10-7 (c). This language did not grant the trial judge any discretion to give West less than the maximum sentence under the circumstances of this case. See *Buckner v. State*, 253 Ga. App. 294, 297 (3) (558 SE2d 823) (2002).

We find *Mikell v. State*, 270 Ga. 467 (510 SE2d 523) (1999), upon which West relies, distinguishable. There, our Supreme Court held that a trial judge had discretion in sentencing for a second conviction under OCGA § 16-13-32.5 (b) because that statute has its own specific provision setting forth the mandatory range of punishment for subsequent convictions under the statute. OCGA § 16-13-32.5 (c). This statute was passed after OCGA § 17-10-7, the recidivist statute. The Supreme Court held that the later and more specific provisions of OCGA § 16-13-32.5 (c) controlled over the more general statute. 270 Ga. at 468-469. See also *Mann v. State*, 273 Ga. 366 (541 SE2d 645) (2001) (holding that trial court has discretion to follow mandatory sentencing guidelines under OCGA § 16-13-30 (d) for sub-

sequent convictions for sale of controlled substances under Schedule I and Schedule II).

The provision under which West was convicted, however, does not contain any mandatory sentencing guidelines for multiple convictions. OCGA § 16-13-30 (j). Therefore, we conclude that the general recidivist statute controls and the trial court properly sentenced West to the maximum of ten years. OCGA § 16-13-30 (j) (2). See *State v. Jones*, 253 Ga. App. 630, 632, n. 9 (560 SE2d 112) (2002).

*Judgment affirmed. Ruffin and Barnes, JJ., concur.*

DECIDED MAY 10, 2002.

*Tony C. Jones*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.