A05A0777. HILL v. THE STATE.

(612 SE2d 92)

MIKELL, Judge.

This is the second time the appellant's case has been before this Court. In *Hill v. State*, 257 Ga. App. 82 (570 SE2d 395) (2002), we summarized the proceedings below as follows:

> On July 14, 1997, Mark Allen Hill pleaded guilty to two counts of aggravated assault and one count of false imprisonment. He also pleaded guilty to entering an automobile, with which he was charged in a separate accusation. The trial court sentenced him as a recidivist to a total of twelve years confinement, comprised of concurrently running sentences of twelve years for each of the two counts of aggravated assault, twelve years for the false imprisonment charge, and five years for entering an automobile. Almost three years later, on July 10, 2000, Hill, acting pro se, filed a

"Motion to Void Convictions/Judgments Pursuant to OCGA § 17-9-4 and Article VI Supremacy Clause."

(Footnote omitted.) Id. In the prior appeal, we affirmed the trial court's denial of Hill's motion but remanded the case for resentencing, based on our holding that the two aggravated assault charges should have merged for sentencing purposes and that Hill's twelve-year sentence for false imprisonment exceeded the maximum ten-year sentence for that offense. Id. at 84-85 (2). We noted that "[a]s a practical matter, we recognize that this will not affect the duration of Hill's confinement, as the court imposed concurrent sentences." Id. at 85.

On March 6, 2003, the trial court held a resentencing hearing pursuant to the direction of this Court, where Hill was represented by counsel. The state informed the trial court that the original sentence on the remaining aggravated assault charge was illegal and therefore void, because, as a recidivist, Hill should have been given the maximum sentence of 20 years, as required by OCGA § 17-10-7 (c).[1] The trial court resentenced Hill on the aggravated assault charge to 20 years, with 12 to be served in confinement and the balance to be suspended, conditioned upon Hill not violating any laws. The court stated that there would be no fines, fees, or reporting requirements associated with the suspended portion of the sentence. On the false imprisonment charge, the court resentenced Hill to ten years, to run concurrent with the twenty-year sentence. The court explained to Hill that he would receive credit for time served.

On appeal, Hill argues that the trial court erred by increasing his sentence after he had begun serving it. He relies on *Harp v. State*, 228 Ga. App. 473 (491 SE2d 923) (1997) and *Farist v. State*, 249 Ga. App. 320 (547 SE2d 618) (2001); however, neither of those cases involved a sentence that was void because the defendant should have been treated as a recidivist under OCGA § 17-10-7 (c).

*Wallace v. State*, 175 Ga. App. 685 (333 SE2d 874) (1985), is directly on point. In that case, the trial court originally sentenced the defendant to 15 years in prison for armed robbery while under the mistaken impression that OCGA § 17-10-7 did not require the imposition of any particular sentence. Upon the state's motion, the defendant was returned to court six weeks after the original sentence and was resentenced as a recidivist to life imprisonment. We held that

---

[1] That Code section provides, in pertinent part, that "any person who, after having been convicted under the laws of this state for three felonies . . . , commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served."

because the original sentence was void, "it follows that the court's subsequent correction of the error was not only authorized but required." (Citations omitted.) Id. at 686-687 (5). Accord *Daniel v. State*, 196 Ga. App. 160, 162 (7) (395 SE2d 638) (1990) (trial court was required to correct original sentence to bring it in compliance with the recidivist punishment requirements of OCGA § 17-10-7).

Accordingly, we conclude that the trial court in this case did not err in correcting Hill's sentence so that it complies with OCGA § 17-10-7 (c). We also note that "[a]lthough subsection (c) prohibits parole, it does not dispense with the trial court's discretion to probate or suspend part of a sentence under OCGA § 17-10-7 (a)." (Citations omitted.) *Pritchett v. State*, 267 Ga. App. 303, 304 (1) (599 SE2d 291) (2004). Therefore, the trial court was within its discretion to suspend a portion of Hill's 20-year sentence.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 17, 2005 — ▮▮▮▮▮▮▮▮▮▮

*Novy, James & Vaughan, Deborah M. Vaughan*, for appellant.

*Jeffrey H. Brickman*, District Attorney, *Thomas E. Csider, Barbara B. Conroy*, Assistant District Attorneys, for appellee.

