## A05A1594. TURNER v. THE STATE.
### (623 SE2d 216)

BLACKBURN, Presiding Judge.

Following a bench trial, Gregory Turner appeals his conviction of possession of cocaine, challenging the sufficiency of the evidence. Because the sole evidence of possession was Turner's ownership and driving of the vehicle in which the cocaine was found under the passenger seat, and because the passenger in Turner's car had equal access to that cocaine, we reverse.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Turner] no longer enjoys a presumption of innocence." Berry v. State.[1] The standard of review for sufficiency of the evidence, set out in Jackson v. Virginia,[2]

> is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In addition, appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.

Davis v. State.[3]

So viewed, the record shows that officers on routine patrol spotted Turner's car entering the parking lot of a hotel at approximately 3:00 a.m. in a high drug trafficking area. They ran his tag, which came back registered to a different car. The officers pulled Turner over and asked him to explain the tag discrepancy. Turner responded that he had "owned the car for a while" and produced a five-month-old bill of sale. While talking to Turner, the officers

---

[1] Berry v. State, 274 Ga. App. 831 (1) (619 SE2d 339) (2005).

[2] Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] Davis v. State, 270 Ga. App. 777 (1) (607 SE2d 924) (2004).

noticed an open container of an alcoholic beverage in the car. They asked Turner and his passenger to step out of the vehicle and obtained permission from Turner to search the car. The search uncovered a bag of cocaine weighing less than one ounce *hidden* under the passenger's seat.

Turner, but not his passenger, was arrested and charged with possession of cocaine. He was convicted following a bench trial in which the sole evidence that he possessed the cocaine was his ownership and driving of the vehicle. His only enumeration on appeal is that evidence of equal access prevents a finding of constructive possession of the cocaine beyond a reasonable doubt.

The State relied solely on the rebuttable presumption that the driver and owner of an automobile has possession and control of contraband found in the automobile. See *Davis,* supra at 779 (1). "However, as to automobiles, the rule does not apply where there is evidence in the case that others have had access to it." (Punctuation omitted.) *Whipple v. State.*[4] *Farmer v. State*[5] explained this "equal access" principle in detail:

> The proper application of this rule means that, in the case of an automobile found containing contraband, no presumption arises that the driver or owner is in possession of the contraband, where there is any competent evidence that persons other than the accused have had access to or control of the vehicle for a period of time prior to the discovery of the contraband. Where there is such evidence, the burden will remain where it first came to rest, upon the state — without benefit of any presumption against the defendant — to prove beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis that the accused was in possession of the contraband.

*Whipple,* supra, applied this principle to reverse a conviction. Even though a passenger sat in the passenger seat in *Whipple,* the driver of the vehicle in which contraband was found in the headrest of the passenger seat was convicted of possessing the contraband based solely on the presumption that the driver of an automobile possesses its contents. *Whipple* reversed, holding that "[w]here it is established that other persons had equal access to the vehicle, the application of a presumption of possession of any contraband found in it is not a sound, abstract principle of law and is a dangerous rule for

---

[4] *Whipple v. State,* 207 Ga. App. 131 (1) (427 SE2d 101) (1993).
[5] *Farmer v. State,* 152 Ga. App. 792, 796 (264 SE2d 235) (1979).

the numerous owners of motor vehicles." (Punctuation omitted.) Id. at 132 (1). *Whipple* explained further that absent that presumption, "[a] finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." (Punctuation omitted.) Id. See *In the Interest of C. A. A.*[6]

*Howren v. State*[7] recently summarized this principle: "The equal access rule *entitles a defendant to acquittal* when (1) the sole evidence of his possession of contraband is his possession of a vehicle in which contraband is found; and (2) others have equal access to the area where the contraband is found or the vehicle has recently been in the possession of others." (Emphasis supplied.) Because these two criteria apply in the present case, we must reverse.

The State counters that other evidence showed that Turner was in possession of the cocaine. Specifically, the State claims that "the evidence also shows that the cocaine was easily within Turner's reach; Turner was driving with an unidentified woman in an area known for prostitution and illegal drug activity; Turner was driving with a stolen tag on his car; and Turner was driving with an open beer in the console of his car." But the only item in this list that in any way connects Turner to the possession of the cocaine found in the vehicle was that, though hidden under the passenger seat, the cocaine was within Turner's reach. As stated in *Whipple*, supra at 132 (1), "[a] finding of constructive possession must be based upon some connection between the defendant and the contraband *other than spatial proximity*." (Punctuation omitted; emphasis supplied.)

Though not argued by the State, we recognize that the equal access rule does not apply to eliminate the presumption of possession where "all persons allegedly having equal access to the contraband are alleged to have been in joint constructive possession of that contraband." (Punctuation omitted.) *Heller v. State.*[8] Here the State attempted to rely upon its jury argument of joint possession to eliminate the application of the equal access rule. However the police released the passenger and did not identify her or charge her with joint possession of the cocaine. Where the State does not charge the other occupant of the vehicle who is contended to be in joint possession, the State bears the burden of showing that the defendant "was in *sole* constructive possession of the drugs." (Emphasis in original.)

---

[6] *In the Interest of C. A. A.*, 187 Ga. App. 691, 693 (371 SE2d 247) (1988).

[7] *Howren v. State*, 271 Ga. App. 55, 58 (4) (608 SE2d 653) (2004).

[8] *Heller v. State*, 275 Ga. App. 637, 638 (1) (621 SE2d 591) (2005).

*Reid v. State.*[9] See *Warren v. State.*[10] The State's passing reference in its closing argument that Turner may have been in joint constructive possession of the cocaine is insufficient; formal charges against the other occupant are required. See, e.g., *Davis*, supra at 779 (1) (all occupants were charged with possession); *Warren*, supra at 52 (jointly indicted for possession); *Boykin v. State*[11] (jointly indicted for possession); *Wiggins v. State*[12] (co-indicted for joint possession).

Accordingly, the evidence did not sustain the conviction. We must reverse.

*Judgment reversed. Miller and Bernes, JJ., concur.*

DECIDED NOVEMBER 15, 2005.

*Steven A. Cook*, for appellant.

*Patrick H. Head, District Attorney, Jesse D. Evans, Dana J. Norman, Assistant District Attorneys*, for appellee.

---

[9] *Reid v. State*, 212 Ga. App. 787, 788, n. 1 (442 SE2d 852) (1994).

[10] *Warren v. State*, 254 Ga. App. 52, 54 (1) (561 SE2d 190) (2002).

[11] *Boykin v. State*, 264 Ga. App. 836, 839 (2) (592 SE2d 426) (2003).

[12] *Wiggins v. State*, 258 Ga. App. 703, 705 (2) (574 SE2d 896) (2002).