## A10A0170. ROGERS v. THE STATE.
### (690 SE2d 437)

ELLINGTON, Judge.

A Gwinnett County jury found Dominic Rogers guilty of possession of more than one ounce of marijuana in violation of OCGA § 16-13-30 (j). Rogers appeals from the denial of his motion for new trial, contending that the evidence adduced was insufficient to support his conviction, that the trial court gave erroneous jury instructions, and that his trial counsel was ineffective. Because the evidence adduced at trial was insufficient to show that Rogers was in sole constructive possession of the contraband, we reverse.

---

1. On appeal from a criminal conviction, we construe the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys a presumption of innocence. *Bryan v. State*, 271 Ga. App. 60 (1) (608 SE2d 648) (2004). We do not weigh the evidence or determine witness credibility, but determine only whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979); *Bryan v. State*, 271 Ga. App. at 60 (1). So viewed, the record reveals the following relevant facts.

During the evening of July 28, 2007, a Gwinnett County police officer stopped the driver of a car because a check of the car's license plate revealed that the car was uninsured and that its registration had been suspended. The driver, Dominic Rogers, had no valid driver's license. The car was registered to another person, and there was no evidence adduced showing that Rogers owned or leased the car.

The officer arrested Rogers and searched his person incident to the arrest. The officer discovered a small bag of marijuana in Rogers' pants pocket. The officer impounded the car, conducted an inventory search of it, and found digital scales on the floorboard behind the passenger seat and two bags of marijuana concealed inside a sweatshirt on the back seat. The sweatshirt was not introduced into evidence, and there was no evidence adduced by the State establishing to whom it belonged. The marijuana found in Rogers' pocket weighed 2.8 grams, less than an ounce. The total weight of the marijuana seized was 58.3 grams, or about two ounces.

There was a passenger in the car with Rogers that evening, but the police did not arrest him. The officer who stopped Rogers testified that, when he pulled the car over, he did not see any unusual movements by the passenger or the driver. There was no evidence adduced at trial that the passenger had been charged with jointly possessing the marijuana found in the car. In fact, the officers who testified did not even recall the passenger's name.

After the court denied Rogers' motion for a directed verdict, Rogers called the passenger, Jalal Massenburg, as a witness in his defense. Massenburg testified that the scales, the black sweatshirt, and the two bags of marijuana found in the sweatshirt were his and his alone and that Rogers was unaware that he possessed those items. On cross-examination, Massenburg testified that the scales were in the back seat of the car inside a cardboard box. An officer had previously testified that the scales were found on the floorboard, and another who said he "believed" that the box to the scales was found in the trunk. From this conflict in the evidence, the State argued that

Massenburg was lying about the ownership of the marijuana to help Rogers.

Rogers contends the evidence was insufficient to support his conviction for possessing more than one ounce of marijuana. He argues there was affirmative evidence that his passenger, Massenburg, had equal access to the marijuana found in the back seat of the car he was driving and that the State failed to offer any evidence proving that Rogers was in sole constructive possession of those drugs. We agree. In this case, Rogers alone was charged[1] with possessing the marijuana although Massenburg had equal access to it. Under such circumstances, the State must prove its case in accordance with these legal principles:

> Where the State prosecutes only one of two or more people who had equal access to the contraband, the State must show sole constructive possession by the defendant. *Turner v. State*, 276 Ga. App. 381, 383 (623 SE2d 216) (2005); *Reid v. State*, 212 Ga. App. 787, 789, n. 1 (442 SE2d 852) (1994). Compare *Waters v. State*, 280 Ga. App. 566, 567 (634 SE2d 508) (2006) (where State charges two defendants who had equal access with joint possession, the State does "not bear the burden of showing that one or the other was in sole possession"). Although "a finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity," (citations and punctuation omitted) *Reid*, 212 Ga. App. at 788, a presumption of constructive possession of the entire premises and all the property therein will arise from ownership or control of the premises. See *Knighton v. State*, 248 Ga. 199, 200, n. 1 (282 SE2d 102) (1981), and *Burdett v. State*, 159 Ga. App. 394 (2) (283 SE2d 622) (1981), cited with approval in *State v. Johnson*, 280 Ga. 511, 513 (630 SE2d 377) (2006). That presumption may be rebutted by a showing of equal access.
>> [F]or the equal access rule to rebut the inference of possession of contraband, affirmative evidence must show that a person other than the defendant or a member of his immediate household had equal access to the specific location where the contraband was found. *Cochran v. State*, 190 Ga. App. 884, 885-886 (1) (380 SE2d 319) (1989);

---

[1] In its appellate brief, the State contends that Massenburg was also charged with possession of the marijuana. However, there was no evidence adduced at the time of trial that formal charges had been brought against Massenburg.

> *Mobley v. State*, 190 Ga. App. 771, 772 (1) (380 SE2d 290) (1989).

*Gurr v. State,* 238 Ga. App. 1, 2 (1) (a) (516 SE2d 553) (1999). When affirmative evidence of equal access is shown but "there is evidence connecting the defendant to the contraband other than his own equal access," the jury must resolve the question of guilt or innocence. *Sing v. State*, 217 Ga. App. 591, 592 (1) (458 SE2d 493) (1995).

*Xiong v. State*, 295 Ga. App. 697, 699-700 (2) (673 SE2d 86) (2009).

Because, under these circumstances, Massenburg's equal access to the marijuana in the back seat of the car rebutted any presumption of Rogers' possession of the marijuana that arose out of Rogers' possession and control of the car he was driving, the State was required to adduce other evidence which proved beyond a reasonable doubt that Rogers had sole, constructive possession of the marijuana. *Xiong v. State*, 295 Ga. App. at 699-700 (2).

At trial, the State argued that, given the conflicts between Massenburg's testimony and an officer's testimony concerning the scales found in the car, the jury could infer that Massenburg was lying about his ownership of the marijuana, and could thus further infer that Rogers solely possessed it. While that was certainly one possible inference from the evidence, it was not the only one.

Under Georgia law, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, *but shall exclude every other reasonable hypothesis save that of the guilt of the accused.*" (Emphasis supplied.) OCGA § 24-4-6. In this case, a jury could have drawn many other reasonable inferences from the conflicting testimony concerning the scales. For example, perhaps Massenburg did not remember where the scales were located in the car; perhaps he was lying about the ownership of the scales, but not about his ownership of the marijuana; perhaps he was lying about his ownership of the marijuana to protect Rogers, but the marijuana belonged to them jointly or to a third party. At any rate, the testimony concerning the scales, to the extent it suggested some deception on Massenburg's part, that deception did not give rise to the sole, reasonable inference that Rogers was in sole constructive possession of the marijuana. Thus, because the inference did not exclude every other reasonable hypothesis save the guilt of the accused, it was insufficient to prove beyond a reasonable doubt that Rogers was in *sole* constructive possession of the marijuana. See *Turner v. State*, 276 Ga. App. at 383-384 ("Where the State does not charge the other occupant of the vehicle who is contended to be in joint possession, the State bears the burden of showing that the defendant was in sole constructive possession of the

drugs. The State's passing reference in its closing argument that [the defendant] may have been in joint constructive possession of the cocaine [based upon other circumstantial evidence] is insufficient; formal charges against the other occupant [of the car] are required.") (citations, punctuation and emphasis omitted). Because the only legal evidence linking Rogers to the marijuana in the back seat was his spatial proximity to it, the evidence adduced was insufficient as a matter of law to support Rogers' conviction of possession of more than one ounce of marijuana. See id. at 384.

2. Given our holding in Division 1, Rogers' remaining enumerations of error are moot.

*Judgment reversed. Andrews, P. J., and Doyle, J., concur.*

DECIDED JANUARY 20, 2010.

*Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Richard A. Vandever, Assistant District Attorney*, for appellee.