## A10A1114. BODIFORD v. THE STATE.
(700 SE2d 648)

PHIPPS, Presiding Judge.

A jury found Larry Bodiford, Jr., guilty of possession of marijuana with intent to distribute[1] and possession of marijuana with intent to distribute in, on, or within 1,000 feet of a publicly-owned housing project.[2] On appeal, Bodiford alleges two errors concerning the sufficiency of the evidence: (1) the trial court erred in denying his motion for a directed verdict of acquittal when the state failed to show he had sole possession of the drugs; and (2) the evidence was insufficient to support the convictions. We agree that the state failed to meet its burden of proof in this case, and reverse.

> A motion for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law; a challenge to the sufficiency of the evidence in connection with the denial of a directed verdict of acquittal is evaluated based on the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).[3]

Viewed in the light most favorable to the prosecution, the evidence showed the following. Two sheriff's deputies went to Bodiford's residence to arrest him for an alleged probation violation.[4] One of the deputies walked around to the back of the residence and saw two men sitting in a parked car. Bodiford was in the passenger's seat and his cousin, Jermaine Johnson, was in the driver's seat. The car belonged to Johnson's mother and her friend; Johnson had borrowed it.

The deputy saw a green leafy substance "spread about" or "piled up" in Johnson's lap, and a clear sandwich-type bag containing a green leafy substance on the passenger's seat beside Bodiford, near the center console. While holding up a photograph of Bodiford,

---

[1] OCGA § 16-13-30 (b).

[2] OCGA § 16-13-32.5 (b).

[3] *Sandoval v. State*, 260 Ga. App. 61, 63 (1) (579 SE2d 75) (2003) (citation and punctuation omitted).

[4] The residence was located within a publicly-owned housing project.

the deputy leaned into the car and told Johnson he was looking for Bodiford. Johnson looked at the photograph and remarked, "[i]t's him." Bodiford got out of the car and ran. Johnson climbed into the passenger's seat (moving the suspected marijuana from beside the center console to the center of the passenger's seat), got out of the car and fled. Bodiford turned himself in to authorities later. As of Bodiford's trial, Johnson had not been apprehended or charged.

An investigator with the sheriff's office came to the scene and found two sandwich-type bags containing suspected marijuana on the passenger's seat, loose suspected marijuana on the passenger's seat near the bags, two bags of suspected marijuana in the glove compartment, a bag containing twenty-nine small bags of suspected marijuana in a compartment of the driver's door, and suspected marijuana in the pocket of a jacket lying over the driver's seat. He also found a digital scale under the edge of the front seat, between the passenger's and driver's seats. The green leafy substances later tested positive for marijuana.

At trial, Bodiford testified that he had seen his cousin, Johnson, sitting in the car behind his home and went to the car to sit with and talk to him. Bodiford said he had seen the drugs in Johnson's lap, but had not seen the drugs found next to where he was sitting or in "the pocket" of the car, and had "nothing to do with drugs" or with Johnson's drug activities. He testified that he fled because he knew there was a warrant for his arrest.

The state maintains that its case against Bodiford was based on his having jointly possessed the marijuana with Johnson. Where two occupants of a vehicle are contended to be in joint possession of contraband, but the state does not charge one of those occupants, the state bears the burden of showing that the defendant was in *sole* constructive possession of the contraband.[5] Possession is "sole" if one person alone has actual or constructive possession of a thing.[6] Constructive possession exists where a person, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing.[7]

Here, the state does not dispute that Johnson had equal access to the marijuana, and it concedes that Johnson was not charged. Moreover, there was no evidence that Bodiford actually possessed the

---

[5] *Turner v. State*, 276 Ga. App. 381, 383 (623 SE2d 216) (2005); see *Rogers v. State*, 302 Ga. App. 65, 67 (690 SE2d 437) (2010); *Reid v. State*, 212 Ga. App. 787, 789, n. 1 (442 SE2d 852) (1994). Compare *Waters v. State*, 280 Ga. App. 566, 567 (634 SE2d 508) (2006) (where the state charges two defendants who had equal access with joint possession, it does not bear the burden of showing that one or the other was in sole possession).

[6] *Cochran v. State*, 300 Ga. App. 92, 94 (1) (a) (684 SE2d 136) (2009).

[7] *Taylor v. State*, 303 Ga. App. 88 (693 SE2d 118) (2010).

drugs, or that he *alone* had the power and intention to exercise dominion or control over them; the drugs were not found in an area exclusively used by him,[8] and there was no evidence that he even handled them.[9]

The state's argument that there was evidence that Bodiford was in *joint* constructive possession of the drugs misses the mark. The state was required to show that Bodiford *alone* possessed the drugs, because it did not prosecute the car's other occupant.[10] This, it failed to do. Because the evidence was insufficient as a matter of law, acquittal was required. Thus, the convictions must be reversed.[11]

*Judgment reversed. Miller, C. J., and Johnson, J., concur.*

DECIDED AUGUST 24, 2010.

*James L. King II*, for appellant.
*Joseph K. Mulholland, District Attorney, Michael L. Bankston, Assistant District Attorney*, for appellee.

---

[8] *Xiong v. State*, 295 Ga. App. 697, 700 (2) (a) (673 SE2d 86) (2009).
[9] See id.
[10] See *Benitez v. State*, 295 Ga. App. 658, 660 (1) (673 SE2d 46) (2009). Compare *Cochran*, supra.
[11] See *Benitez*, supra; *Turner*, supra at 383-384.