A11A0025. JEFFERSON v. THE STATE.
(711 SE2d 412)

MILLER, Presiding Judge.

Following a jury trial, defendant Gavin Earl Jefferson was convicted of possession of marijuana with intent to distribute (OCGA § 16-13-30 (j)) and reckless conduct (OCGA § 16-5-60 (b)). On appeal following denial of his motion for new trial, Jefferson maintains that (i) the evidence at trial was insufficient to prove his possession of marijuana, and that (ii) he was improperly sentenced as a recidivist. Since these contentions lack merit, the judgment of the trial court must be affirmed.

Viewed in the light most favorable to the jury's guilty verdict, in accordance with *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979), the trial evidence shows that on the morning of February 25, 2008, Jefferson drove to pick up Charlene Sims at her place of work in Atlanta. Jefferson resided with Sims and her three young children in an apartment located in Norcross. Sims relied upon Jefferson to care for the children while she worked an overnight shift. But after Jefferson picked her up, Sims became concerned when she learned that the children had been left alone at home. Additionally, as they drove home, Jefferson's behavior was hostile and erratic. Remembering previous incidents of domestic violence, Sims became scared and exited the vehicle at a convenience store.

Police were summoned to the convenience store and eventually

---

transported Sims home. Other officers were dispatched to the Norcross apartment to check on the status of the children. At the apartment, officers found the children safe but also noticed an odor of marijuana. There was also some concern regarding the location of a gun kept in the apartment. Following her arrival at the apartment, Sims consented to a search of the premises. Jefferson was not present at the apartment when the search was conducted. Officers found a shoe box containing marijuana in the bedroom closet and an insulated lunch bag in a kitchen cabinet. The lunch bag, which Sims identified as belonging to Jefferson, contained a digital scale, razor blades and plastic bags. Sims testified that she knew Jefferson kept marijuana in the apartment and used the digital scale to weigh it, although she did not know exactly where he kept it. She also identified the shoe box containing marijuana as having originally contained a pair of Jefferson's shoes.

1. In two similar enumerations of error, Jefferson contends that the evidence is insufficient to establish his possession of the marijuana. He argues that no more than his presence at the apartment was proven and that there is nothing connecting him to the marijuana beyond mere spatial proximity. Furthermore, Jefferson relies upon the legal principle that because Sims had equal access to the location where the marijuana was found and was not charged with any offense, the State must show that he had sole constructive possession of the marijuana. See *Wheeler v. State*, 307 Ga. App. 585, 586-587 (1) (705 SE2d 686) (2011); *Rogers v. State*, 302 Ga. App. 65, 67-68 (690 SE2d 437) (2010).

> If the State presents evidence that a defendant owned or controlled premises where contraband was found, it gives rise to a rebuttable presumption that the defendant possessed the contraband. Although this presumption may be rebutted by showing that others had access to the premises, the equal access doctrine applies to rebut the presumption of possession only where the *sole* evidence of possession of contraband found on the premises is the defendant's ownership or possession of the premises.

(Citations and punctuation omitted.) *Wheeler v. State*, supra, 307 Ga. App. at 587 (1).

In view of the testimony from Sims, Jefferson's possession of the contraband was not based solely on his residence at their apartment. The flaw in Jefferson's argument is his supposition that Sims's testimony was impeached and therefore provides no credible evidence of his guilt. "[W]hether a witness has successfully been impeached is for the jury to decide." (Citations omitted.) *Warner v.*

*State*, 281 Ga. 763, 766 (3) (642 SE2d 821) (2007).

> When reviewing the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination as to the proper weight and credibility to be given. It is the jury's function to assess witness credibility, to resolve any conflicting evidence, and to determine the facts, not an appellate court. If competent evidence exists, though contradicted, to support the facts necessary to prove the State's case, we will not reverse the jury's verdict.

(Citations and punctuation omitted.) *Kay v. State*, 306 Ga. App. 666 (1) (703 SE2d 108) (2010). Viewed under this standard, the evidence, including Sims's testimony, shows that Jefferson had sole constructive possession of the marijuana. "When affirmative evidence of equal access is shown but there is evidence connecting the defendant to the contraband other than his own equal access, the jury must resolve the question of guilt or innocence." (Citations and punctuation omitted.) *Rogers v. State*, supra, 302 Ga. App. at 68. Therefore, a rational trier of fact could have found from the evidence presented that Jefferson committed the crimes, of which he was convicted, beyond a reasonable doubt. See *McCombs v. State*, 306 Ga. App. 64, 66 (2) (701 SE2d 496) (2010).

2. Jefferson also maintains that he was improperly sentenced as a recidivist. Specifically, he contends that the trial court failed to exercise discretion by imposing the maximum sentence under law for this fourth felony conviction. We disagree. Based upon his three prior felony convictions, Jefferson's sentencing was governed by both OCGA § 17-10-7 (a) and (c):

> (a) . . . any person convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

. . .

> (c) . . . any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

We have recently held that subsections (a) and (c) of OCGA § 17-10-7 must be read together:

> If both apply(, as here,) the trial court must apply both. *Thompson v. State*, 265 Ga. App. 696, 698 (2) (595 SE2d 377) (2004). Thus, to the extent that this Court's decisions in *Colbert v. State*, 303 Ga. App. 802, 804 (694 SE2d 694) (2010), *Johnson v. State*, 285 Ga. App. 590, 591 (3) (646 SE2d 760) (2007), and *Blevins v. State*, 270 Ga. App. 388, 394 (5) (606 SE2d 624) (2004), or any other cases may be understood for the proposition that under OCGA § 17-10-7 (a) and (c), a trial court retains jurisdiction to sentence a recidivist defendant to anything less than the maximum penalty, they are disapproved.

(Punctuation omitted.) *Lester v. State*, 309 Ga. App. 1, 5 (2), n. 3 (710 SE2d 161) (2011). Like Jefferson in this case, the defendant in *Lester* had been convicted of at least three prior felonies; in that case, we held that the defendant was required to be sentenced to the longest period of time prescribed for the punishment of his fourth offense, and he was required to serve the maximum time provided in the sentence of the judge based upon his conviction of the fourth offense and was not eligible for parole until the maximum sentence had been served. Id.; see also *West v. State*, 255 Ga. App. 334, 335 (565 SE2d 538) (2002) (finding that the language of OCGA § 17-10-7 (c) "did not grant the trial judge any discretion to give [the defendant] less than the maximum sentence under the circumstances of this case"); *Buckner v. State*, 253 Ga. App. 294, 297 (3) (558 SE2d 823) (2002) ("In light of [the defendant's] four prior felony convictions . . . , the [trial] court here correctly understood that under OCGA § 17-10-7 it was required to impose the maximum sentence for each current felony conviction but had the discretion to probate or suspend part of that sentence (which it chose not to do).").

Finally, we recognize that although OCGA § 17-10-7 (c) "prohibits parole, it does not dispense with the trial court's discretion to probate or suspend part of a sentence under OCGA § 17-10-7 (a)." (Citations and punctuation omitted.) *Hill v. State*, 272 Ga. App. 280, 282 (612 SE2d 92) (2005). Nevertheless, to the extent Jefferson argues that the trial court erred by failing to exercise its discretion by not probating or suspending part of his sentence, we disagree. Notably, the trial court did in fact properly exercise its discretion when it probated a portion of Jefferson's sentence.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JUNE 13, 2011.

*Clark & Towne, Jessica R. Towne*, for appellant.

*Daniel J. Porter, District Attorney, Carole Cox, Assistant District Attorney*, for appellee.