# WHOLE COURT

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 11, 2013**

# In the Court of Appeals of Georgia

A13A0795. MADDOX v. THE STATE.

ANDREWS, Presiding Judge.

Marquis Rashad Maddox was found guilty by a jury of possession of cocaine and marijuana found hidden in a car in which he was a passenger. He was also found guilty of giving false information to a police officer. Maddox appeals claiming: (1) that the evidence was insufficient to support his conviction for constructive possession of the cocaine and marijuana, and (2) that the trial court erred by denying his request to instruct the jury that, where there is evidence that another occupant of the car had equal access to and jointly possessed the contraband, but the State did not charge the other occupant, the State had the burden to prove that he was in sole constructive possession of the contraband. For the following reasons, we find no error and affirm.

The State presented the following evidence in support of the charges. A uniformed police officer investigated a car backed into the driveway of an abandoned house at midnight. As he approached, the officer saw four occupants in the car, one in the front passenger seat, and three in the back seat. The man in the front passenger seat, later identified as Maddox, exhibited a shocked expression when he saw the officer and quickly exited the car. The officer instructed Maddox to get back in the car and told the other occupants to stay in the car and show their hands. The officer asked all the occupants for identification for the purpose of checking for outstanding warrants. At that point, the officer could smell the odor of marijuana coming from the interior of the car. Maddox and at least one of the other occupants provided the officer with false identification information. After other officers arrived, all of the occupants were told to get out of the car and a search of Maddox revealed that he was carrying two separate bundles of cash – a $181 bundle (consisting of five $20 bills, two $10 bills, nine $5 bills, and sixteen $1 bills), and a $500 bundle (consisting of nineteen $20 bills, nine $10 bills, three $5 bills, and fifteen $1 bills). Maddox was also carrying two cell phones. In the center console, located between the front passenger seat and the driver's seat, police found a bag of suspected crack cocaine, a bag of suspected marijuana, and an electronic weighing device. The investigating

2

officer, who was trained and experienced in narcotics investigations, testified that the amount of cash, the denominations of the bills, and the multiple cell phones found on Maddox's person, were items commonly associated with persons possessing and selling narcotics. The officer testified that the electronic weighing device was commonly used in the sale of narcotics. One of the rear seat occupants was carrying a loaded handgun, which the officer testified was also commonly associated with illegal drugs. According to the investigating officer, the center console, which opened from the front to the back of the car, was easily accessible from the front passenger and driver seats, but was not easily accessible from the car's back seat. Police observed no one in the driver's seat of the car, but evidence showed that a woman at the scene owned the car and that her boyfriend had driven the car. Tests conducted at the State Crime Lab showed that the substance in the bag of suspected cocaine tested positive for cocaine. Tests conducted by a police officer trained in marijuana testing and identification showed that the substance in the bag of suspected marijuana tested positive for marijuana. As proof of similar transactions, the State presented evidence that Maddox had one prior conviction for possession of marijuana and two prior convictions for possession of cocaine.

The State's contention was that Maddox, who was seated in the front passenger seat of the car, had constructive possession of the cocaine and marijuana found in the console located between the driver's seat and the front passenger seat. No possession charges were brought against the driver of the car, or against its owner, or against the rear seat passengers. Maddox contends that the circumstantial evidence presented by the State failed to prove beyond a reasonable doubt that he had constructive possession of the contraband, and failed to exclude the reasonable hypothesis that either the driver or the owner of the car had sole constructive possession of the contraband.

> [T]he law recognizes that possession can be actual or constructive, sole or joint . . . A person has actual possession of a thing if he knowingly has direct physical control of it at a given time. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. If one person alone has actual or constructive possession of a thing, possession is sole, but if two or more persons share actual or constructive possession of a thing, possession is joint.

*Holiman v. State*, 313 Ga. App. 76, 78 (720 SE2d 363) (2011). The trial court instructed the jury on the above principles. Based on evidence that the owner of the car was present at the scene and that there were three other passengers in the rear seat of the car, the trial court gave additional instructions requested by Maddox in support

4

of his defense that he was merely present in the car as a passenger; that he did not know about or possess the hidden contraband; and that the owner of the car had exclusive constructive possession of the contraband. Accordingly, at Maddox's request, the court instructed the jury: (1) that a rebuttable presumption existed that the owner of the car was in exclusive control and possession of the contraband found in the car; (2) that the presumption may be overcome by operation of the equal access rule providing that evidence showing a person or persons other than the car owner had equal access to contraband found in the car "may or will, depending on the strength of the evidence, overcome the presumption that the contraband was in the exclusive possession of the owner . . ." and (3) that the mere presence of an accused as a passenger in a car in which hidden contraband is found is insufficient to support a conviction in the absence of other evidence sufficient to show that the accused had constructive possession of the contraband. *State v. Johnson*, 280 Ga. 511, 512-513 (630 SE2d 377) (2006) (emphasis, punctuation, and citation omitted); *Wilkerson v. State*, 269 Ga. App. 190, 191-192 (603 SE2d 728) (2004); compare *Thompson v. State*, 234 Ga. App. 74, 77 (506 SE2d 201) (1998) (no error in refusing passenger's request to instruct jury on rebuttable presumption that driver had exclusive possession

5

of contraband, and on equal access, where instructions not supported by the evidence).

1. We find that the State presented evidence sufficient for the jury to reject Maddox's defenses and to find beyond a reasonable doubt that, because he knowingly had both the power and intention to exercise dominion or control over the cocaine and marijuana found next to him in the car's console, he had constructive possession of the contraband. *Allen v. State*, 191 Ga. App. 623, 624 (382 SE2d 690) (1989).

"A finding of constructive possession of contraband cannot rest upon mere spatial proximity to the contraband, especially where, as here, the contraband is hidden." *Mitchell v. State*, 268 Ga. 592, 593 (492 SE2d 204) (1997). And "[e]vidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." *Whipple v. State*, 207 Ga. App. 131, 132 (427 SE2d 101) (1993) (punctuation and citation omitted). The State's evidence showed more than Maddox's mere presence in the car and spatial proximity to the contraband. The evidence showed not only that Maddox had easy access to the contraband located next to him in the console "and thus the power to exercise control over it" (*Allen*, 191 Ga. App. at 625), but also that he had the intent to exercise control over the contraband. Intent to exercise control may be

6

inferred from the circumstances. *Strozier v. State*, 313 Ga. App. 804, 808 (723 SE2d 39) (2012). The State produced evidence that the amount and denominations of the bills possessed by Maddox, and the two cell phones he carried, linked him to the possession and sale of the contraband. Id. The odor of marijuana coming from the car occupied by Maddox, combined with other circumstantial evidence of intent, supported an inference that he was connected to the contraband. *Vines v. State*, 296 Ga. App. 543, 545-547 (675 SE2d 260) (2009). Maddox exhibited a shocked expression and immediately exited the car when he saw the officer approach, and he gave the officer a false name, circumstances from which intent to exercise control over the contraband may be inferred. Id. at 545-546. Similar transaction evidence showing that Maddox had two prior convictions for possession of cocaine and one prior conviction for possession of marijuana provided additional proof of intent. *Taylor v. State*, 305 Ga. App. 748, 751 (700 SE2d 841) (2010).

When the State's constructive possession case is based wholly on circumstantial evidence, "the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. The circumstantial evidence produced by the State was consistent with the charge that Maddox had constructive possession of

7

the contraband; was sufficient to exclude every reasonable hypothesis save that of his guilt; and was sufficient to allow the jury to find beyond a reasonable doubt that Maddox had constructive possession of the contraband. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). The evidence was also sufficient to prove beyond a reasonable doubt that Maddox was guilty of giving false information to the police officer. Id.

2. Maddox claims the trial court erred by refusing his request to instruct the jury that, where evidence shows another occupant of the car with equal access jointly possessed the contraband, but the State did not charge the other occupant, the State had the burden to prove that he was in sole constructive possession of the contraband. There was no error in refusing to give this instruction. Even assuming there was evidence that another uncharged occupant had equal access and jointly possessed the contraband, we conclude the State was not required to prove that Maddox had sole constructive possession.

The instruction requested by Maddox is based on a line of cases in this Court originating with *Reid v. State*, 212 Ga. App. 787 (442 SE2d 852) (1994). Like the present case, *Reid* dealt with contraband hidden in a car with multiple occupants. Citing to no authority, *Reid* held that: When more than one occupant has equal access

8

to hidden contraband, but only one occupant is prosecuted for possession of the contraband, the State has the burden of proving that the prosecuted occupant "was in *sole* constructive possession" of the contraband. Id. at 788 n.1 (emphasis in original). For the reasons set forth below, we now conclude there is no reasonable basis for this holding, and overrule *Reid* in part to the extent it adopted this holding. To the extent this holding has been restated in subsequent cases, those cases are also overruled in part, including: *Warren v. State*, 254 Ga. App. 52, 54 (561 SE2d 190) (2002); *Turner v. State*, 276 Ga. App. 381, 383-384 (623 SE2d 216) (2005); *Benitez v. State*, 295 Ga. App. 658, 660 (673 SE2d 46) (2009); *Xiong v. State*, 295 Ga. App. 697, 699 (673 SE2d 86) (2009); *Millsaps v. State*, 300 Ga. App. 383, 385 (685 SE2d 371) (2009); *Molina v. State*, 300 Ga. App. 868, 871 (686 SE2d 802) (2009); *Rogers v. State*, 302 Ga. App. 65, 67 (690 SE2d 437) (2010); *Fyfe v. State*, 305 Ga. App. 322, 326-327 (699 SE2d 546) (2010); *Bodiford v. State*, 305 Ga. App. 655, 656 (700 SE2d 648) (2010); *Wheeler v. State*, 307 Ga. App. 585, 586-587 (705 SE2d 686) (2011); *Jefferson v. State*, 309 Ga. App. 861, 862-863 (711 SE2d 412) (2011); *Holiman v. State*, 313 Ga. App. at 78-79; *Mercado v. State*, 317 Ga. App. 403, 405 (731 SE2d 85) (2012); and *Clark v. State*, 319 Ga. App. 880 (738 SE2d 704) (2013).

Circumstantial evidence that multiple occupants of a car had equal access to hidden contraband may support the theory that all the occupants were guilty as parties to the crime and had joint constructive possession of the contraband. *Castillo v. State*, 166 Ga. App. 817, 822 (305 SE2d 629) (1983).[1] Under these circumstances, the State may elect to prosecute the occupants jointly or separately (*Kennemore v. State*, 222 Ga. 252 (149 SE2d 471) (1966)), or may elect to prosecute only one of the occupants for directly committing the crime, but nevertheless prove the sole prosecuted occupant was guilty as a party to the crime. *Trumpler v. State*, 261 Ga. App. 499, 500-501 (583 SE2d 184) (2003); *Brinson v. State*, 261 Ga. 884 (413 SE2d 443) (1992). We find no basis for the holding in *Reid* that the State is required under these circumstances to prove that the prosecuted occupant had sole constructive possession of the contraband. We questioned the *Reid* holding in *Holiman*, supra, but found it unnecessary in that case to rule on whether to disavow it. As *Holiman* pointed out,

> the settled rule [is] that the failure of the State to prosecute one party to a crime ordinarily offers no defense to other parties to the crime. See OCGA § 16-2-21 (party to a crime can be convicted even if the principal has not been prosecuted); *Davis v. State*, 163 Ga. 247, 248 (135 SE 916)

[1] An equal access jury instruction, where supported by some evidence of equal access, is appropriate only to counter an instruction given to the jury on the permissive presumption that the owner or driver of the car has exclusive possession of contraband hidden in the car. *Johnson*, 280 Ga. at 512-513.

10

(1926) ("Failure to prosecute the principle will in no wise relieve the accessory."); see also *Grimes v. State*, 245 Ga. App. 277, 278 (2) (537 SE2d 720) (2000) ("A party to a crime may be prosecuted and convicted for the commission of the offense regardless of whether anyone else was prosecuted.").

*Holiman*, 313 Ga. App. at 79. And as the dissent in *Reid* pointed out, whether another occupant of the car was also in constructive possession of the hidden contraband, so that the defendant's constructive possession was joint instead of sole, was irrelevant to whether the evidence was sufficient to find the defendant guilty. *Reid*, 212 Ga. App. at 791 (Beasley, P. J., dissenting). The State was not required to prove that Maddox was in sole constructive possession of the contraband in order to obtain a conviction, but could produce evidence proving beyond a reasonable doubt that Maddox had sole or joint constructive possession of the contraband.

*Judgment affirmed. Phipps, C. J., Barnes, P. J., Ellington, P. J., Doyle, P. J., Miller, Dillard, McFadden, Boggs, Ray, Branch, and McMillian, JJ., concur.*

11