A08A0997. BAILEY v. THE STATE.

(669 SE2d 453)

ADAMS, Judge.

Preston Lewis Bailey was convicted following a jury trial of possession of a sawed-off shotgun and possession with intent to distribute cocaine. The trial court denied his motion for new trial and subsequently granted his motion to file an out-of-time appeal. On appeal, he challenges the sufficiency of the evidence to support his convictions and contends that the trial court erred by failing to instruct the jury on equal access.

Viewed in the light most favorable to the jury's verdict, the evidence at trial shows the following. Agent John Cobb testified that on June 22, 2005 he was part of the West Georgia Drug Task Force and the lead investigator in the execution of a search warrant at 168 Kennedy Estates Road in Carroll County, Georgia. Cobb testified that the property consisted of a "fairly" large brick house and that behind the house there was a shop with several buildings attached to it. Agent Cobb was in charge of searching the house and another agent, Agent James Sims, was in charge of searching the shop and other buildings. Both agents testified that Bailey was not present during the search but that his wife, two minor sons, two men who were living in the back side of the shop and another female who was living in an outbuilding in front of the shop were present.

Agent Cobb testified that during the search of what he described as the master bedroom, he located numerous firearms, including various caliber pistols, a shotgun and a rifle; the pistols were found under the mattress and in nightstands, and the rifle and shotgun

were located inside a gun cabinet located in the bedroom. Cobb testified that he also found a "quantity" of marijuana in a dresser drawer in the basement of the residence.

Agent Sims, also with the West Georgia Drug Task Force, testified that, among other responsibilities in the execution of the search warrant, he was responsible for searching the shop which included Bailey's office. He testified that they entered Bailey's shop without difficulty, but they were delayed in entering the office due to a large steel door secured with a padlock. He testified that after "negotiating" the padlock, they entered the office which contained, among other things, two video camera monitors showing a picture in "real time." These monitors were attached to cameras positioned outside the building in such a way as to obtain visibility of the driveway and side of the residence. Agent Sims testified this equipment could be used so those inside the residence would see the approach of law enforcement officers and thus have the opportunity to dispose of any stolen items or contraband. Agent Sims further testified that he also immediately observed a pill bottle containing what was subsequently identified as 8.85 grams of cocaine. He also found additional pill bottles containing a small or residual amount of suspected cocaine, digital scales, a plate and razor which both had what appeared to be cocaine residue, as well as various items commonly used to ingest crack cocaine, including a box of Chore Boys copper scrubber pads, which are used to filter the cocaine, and a box containing 15 glass pipes. Agent Sims testified that all these items were found on a desk and that the desk also contained some personal items belonging to Bailey, including a photograph of him taken in the office, tape recordings of him talking to several banks and mail.

Agent Sims also identified various weapons, including a pistol, shotgun and high-powered rifles that were found in the shop. One of these weapons was a Mossberg shotgun. Agent Cobb testified that subsequent to the search, he was contacted by an assistant district attorney who requested he measure the shotgun. At that time it was determined that the shotgun had a modified or "sawed off" barrel of less than 18 inches.

Following a *Jackson-Denno* hearing, Bailey's in-custody statement to Agent Cobb was also admitted into evidence at trial. This statement was not audio or video recorded and consisted of Agent Cobb's notes concerning the content of the statement. He testified that Bailey admitted the pill bottles containing the cocaine and cocaine residue that were found in a hat in the office were his and that the firearms found in the house and in the office were his. He denied knowledge of one of the firearms being stolen and said that a stolen motorcycle on the property belonged to his son Derrick Bailey,

who was also not present during the search. Agent Cobb also asked him about various new appliances and building materials that were also suspected as having been stolen and Bailey told him that he had purchased those items from various building material suppliers.

Bailey also testified at trial. He testified that he owned the property where the search took place and had lived there for approximately 25 years. He further testified that he was not present when the search was conducted and had been gone for about two days. Bailey denied he told Agent Cobb the cocaine was his and testified there was no cocaine on the premises when he was there and that he did not know whose cocaine it was. He said he asked one of his sons about the cocaine and his son denied the cocaine was his. He testified his son told him that initially neither the drug detection canines who were taken into the office nor the investigators found any cocaine in the office but the female who lived on the premises went into the office several times and the cocaine was found several minutes later. Bailey also testified that he had seen the guns on the premises but denied that he told Agent Cobb they were his and said the only guns he owned were taken apart for repairs and that the guns found in the office belonged to his son, who had also been indicted on various charges. He also testified that three of his sons and his wife all had keys to the office.

Jerry Johnson also testified for the defense. He testified that he was living on the premises on the date of the search and was present when the search was conducted. He testified that he saw a female whose name he did not know who was on the premises when the search began go into the shop with a substance that appeared to be cocaine in her hand while the officers were searching the premises. He also testified that a drug detection canine was taken into the office but that it did not appear that the canine found any contraband.

1. Bailey first challenges the sufficiency of the evidence to sustain his conviction for possession of a sawed-off shotgun, arguing the State's evidence was insufficient to show he was in constructive possession of the shotgun.

We disagree that the evidence as to this charge was insufficient. "Possession may be either actual or constructive. Constructive possession exists where a person though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing." (Citations and punctuation omitted.) *Jackson v. State*, 284 Ga. App. 619, 620 (1) (644 SE2d 491) (2007). The State argues Bailey's admitted ownership of the premises gave rise to a rebuttable presumption that Bailey possessed the contraband found on the premises. "If the (S)tate presents evidence that a defendant owned or controlled premises where

contraband was found, it gives rise to a rebuttable presumption that the defendant possessed the contraband." (Citations and punctuation omitted.) *Clewis v. State*, 293 Ga. App. 412, 414 (2) (667 SE2d 158) (2008). Although this presumption may be rebutted by showing that others had access to the premises, "the equal access doctrine applies to rebut the presumption of possession only where the *sole* evidence of possession of contraband found on the premises is the defendant's ownership or possession of the premises." Id. at 415 (2). In this case, additional evidence other than Bailey's ownership of the premises demonstrated Bailey's constructive possession of the sawed-off shotgun. First, the sawed-off shotgun was found in an office containing personal items belonging to Bailey. Moreover, entry into the office had been made more difficult by installation of a steel padlocked door and the office door was locked when officers arrived to conduct the search. And Bailey admitted that he installed surveillance equipment which allowed monitoring of those who came onto the premises but testified he installed it because his shop had been broken into a number of times. And although Bailey disputed Agent Cobb's testimony, Cobb testified that Bailey admitted that the "guns" found inside the house and in the office were his. "As long as there is slight evidence of access, power, and intention to exercise control or dominion over an instrumentality, the question of fact regarding constructive possession remains within the domain of the trier of fact." (Citations and punctuation omitted.) *Wright v. State*, 279 Ga. App. 299 (1) (630 SE2d 774) (2006). The evidence presented in this case was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to show Bailey's intent to exercise dominion and control over the sawed-off shotgun.

2. Bailey next contends the trial court should have charged the jury on equal access after it gave the jury an instruction on presumption of possession based on ownership of the premises. The transcript shows that Bailey did not submit a written request to charge on equal access and did not at any time request that an equal access charge be given, even after the trial court indicated it would give the presumption of possession charge.[1] Nevertheless, citing *State v. Johnson*, 280 Ga. 511 (630 SE2d 377) (2006), Bailey argues that the equal access charge "must be given" when the trial court instructs the jury on presumption of possession.

In *Johnson*, the Supreme Court noted that the starting point in the analysis to determine whether a trial court should have in-

---

[1] The trial court initially indicated that it would most likely not give the presumption charge, but after additional argument from the State and the submission of additional charges on presumption, the trial court ruled that it would give the charge.

structed the jury on a particular legal defense differs depending on whether the issue concerns the trial court's failure to give a written request submitted by the defendant or whether the trial court should have sua sponte instructed the jury on a legal defense.

> [D]etermination of whether a legal concept is a defendant's sole defense most properly relates to whether a trial court must sua sponte instruct the jury on the defense. When . . . a request for a jury instruction is submitted to the court, the preliminary question must be whether the requested charge is appropriate.

Id. at 513, n. 3.

Bailey does not argue on appeal that equal access was his sole defense, and as to the cocaine charge we do not view it as his sole defense at trial. Bailey, through his own testimony at trial, maintained the defense that he had no knowledge of the cocaine and suggested through his own testimony and that of a defense witness that it must have been placed in his office during the search by another resident on the premises. "[P]roperly viewed, his defense was that the State did not prove the elements of the crime of which he was charged, possession of cocaine with intent to distribute, and without knowledge of the presence of cocaine in his [home office], he could have no intent concerning it." *Johnson*, 280 Ga. at 513, n. 3.

As to the firearms charge, it appears that equal access was Bailey's sole defense. Bailey admitted his general knowledge of the guns on the premises but presented the defense that the sawed-off shotgun belonged to his son. He also testified that at least four other people, including his sons, had keys to the locked office where the shotgun was found. Thus, it appears that a charge on equal access was warranted by the evidence as to the firearms charge and should have been given by the court, sua sponte, once it instructed the jury on presumption of possession based on ownership of the premises. However, because the evidence was otherwise sufficient as to this count, see Division 1, Bailey may be retried on this count.

3. Lastly, Bailey contends the evidence was insufficient to sustain his conviction of possession with intent to distribute cocaine because the only evidence connecting him to the cocaine was that he owned the premises and because it affirmatively appears that others had equal opportunity to commit the crime. We disagree. The same circumstances, as recited in Division 1, exist surrounding the discovery of the cocaine. In addition, numerous items used to measure, prepare and ingest cocaine were found on the desk in the office which also contained personal items belonging to Bailey. Moreover, Bailey admitted to the officer that the pill bottles containing the cocaine

belonged to him. The evidence was sufficient as to this count also. See, e.g., *Castillo v. State*, 288 Ga. App. 828, 830 (655 SE2d 695) (2007).

*Judgment affirmed in part and reversed in part. Smith, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 7, 2008.

*Jeremy J. Abernathy*, for appellant.

*Peter J. Skandalakis*, District Attorney, *Vincent J. Faucette*, Assistant District Attorney, for appellee.