A09A1842. TAYLOR v. THE STATE.
(693 SE2d 118)

BARNES, Judge.

Following the denial of his motion for new trial, Ernest Taylor appeals his convictions for possession of cocaine, manufacturing cocaine, keeping a dwelling for distribution of cocaine, two counts of possession of a firearm by a convicted felon, and possession of marijuana. He contends that the evidence was insufficient to support

---

his convictions. Following our review, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for [a new trial] is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.

(Citations and punctuation omitted.) *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

So viewed, the evidence shows that officers with the East Central Georgia Task Force and the Toombs County Sheriff's Office executed a search warrant at a residence on Kermit Mann Road in Toombs County. As a basis for the warrant, a confidential informant had previously made two separate monitored cocaine buys at the residence believed to be owned by Taylor. Although Taylor was not present when the warrant was executed, several people were in the residence, including Taylor's girlfriend, and co-defendant Anthony Tindle.

Tindle told police that he was Taylor's "foster brother" and that Taylor was not present because he was hunting. He told police that Taylor lived there, sold drugs at the residence, and that he had seen Taylor cook cocaine in the residence the previous night. Police also testified that, although there was confusion about the correct numerical address on the home, they had personal knowledge that the residence belonged to Taylor, and that there was no doubt about the location of the residence. One officer testified that he had been by the residence on several different occasions, that Taylor's family was known around the area, and that several members of Taylor's family lived in the same community off Kermit Mann Road. Another officer testified that shortly before the warrant was executed, he had responded to a complaint about loud music coming from the residence and that he had talked with Taylor that night at the residence.

The confidential informant testified that over the course of two years he bought cocaine from "Little Rut," whom he later identified as Taylor, from ten to twenty times at the residence where the warrant was executed. He also testified that Taylor, whom he identified at trial, sold him cocaine during the controlled buys.

When they executed the warrant, police recovered from the

kitchen two firearms, two tin cups, a razor blade, and several kitchen utensils all containing cocaine residue. They also recovered a sandwich baggie containing crack cocaine, a prescription bottle containing cocaine, and two zipper bags of marijuana from the master bedroom and another bedroom. Taylor was later arrested and indicted for possession of cocaine, keeping a dwelling house for the distribution of cocaine, two counts of possession of a firearm by a convicted felon, and possession of marijuana, less than one ounce.

At trial, Tindle, who had earlier pled guilty, reversed his earlier statement to police, and testified that he rented the residence from Taylor's father, that the cocaine in the residence belonged to him, and that the person referred to as "Little Rut" was Taylor's brother.

Taylor contends that the evidence was insufficient to sustain his convictions for the crimes charged because there was no evidence that he was the owner of the home, and the State "was never able to prove that [Taylor] had any ties to the house. . . ." While it is true that "ownership of the premises does not raise a presumption that the owner possessed all property contained therein," *Smith v. State*, 180 Ga. App. 657 (350 SE2d 302) (1986), once the jury determined that Taylor lived in the residence in question, it could infer that the contraband found inside belonged to him. *Ballard v. State*, 268 Ga. App. 55, 57 (1) (601 SE2d 434) (2004).

Here, the State presented evidence that a confidential informant bought drugs from Taylor at the residence on ten to twenty different occasions over the course of two years, that shortly before the warrant was executed an officer had talked with Taylor at the residence after responding to a noise complaint, and that it was well known that Taylor lived at the residence and that officers had gone there on several occasions to see Taylor. Moreover, Tindle testified that the residence belonged to Taylor, and that Taylor sold drugs from the residence. While he recanted these allegations at trial, the "prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence." (Punctuation omitted.) *Green v. State*, 298 Ga. App. 17, 21 (1) (679 SE2d 348) (2009).

Regarding the contraband found in the residence,

[p]ossession may be either actual or constructive. Constructive possession exists where a person though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing. . . . If the [S]tate presents evidence that a defendant owned or controlled premises where contraband was found, it gives rise to a rebuttable presumption that the defendant possessed the contraband. Although this presumption may

be rebutted by showing that others had access to the premises, the equal access doctrine applies to rebut the presumption of possession only where the *sole* evidence of possession of contraband found on the premises is the defendant's ownership or possession of the premises.

(Citations and punctuation omitted.) *Bailey v. State*, 294 Ga. App. 437, 439-440 (1) (669 SE2d 453) (2008).

Thus, as shown above, Taylor's conviction is supported by more evidence than just the presumption that he lived in the residence, and this evidence was sufficient under *Jackson v. Virginia*, supra, 443 U. S. at 307, to find him guilty of the crimes charged.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 24, 2010.

*Brandi D. Payne*, for appellant.

*Samuel H. Altman, District Attorney, Tony A. May, Adriane L. Love, Assistant District Attorneys*, for appellee.