## A10A2211. WHEELER v. THE STATE.

(705 SE2d 686)

MILLER, Presiding Judge.

A jury convicted Jeffrey J. Wheeler of criminal damage to property in the first degree (OCGA § 16-7-22 (a)), possession of less than one ounce of marijuana (OCGA § 16-13-30 (a)), and possession of a sawed-off shotgun (OCGA § 16-11-122). Wheeler appeals, contending that (i) the evidence was insufficient to support his convictions of possession of less than one ounce of marijuana and possession of a sawed-off shotgun, and (ii) the trial court erred in refusing to instruct the jury on lesser included offenses. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict, *Cox v. State*, 300 Ga. App. 109 (684 SE2d 147) (2009), the evidence shows that at approximately 12:45 a.m. on September 26, 1993, Jennifer Langley was awake in her bedroom when she heard what appeared to be several gunshots "hitting the side of [her] trailer and going through like it had been shot." When she looked out her window, Langley saw a silver El Camino leaving the trailer park and recognized it as Wheeler's vehicle. Crawling on her hands and knees to her parents' room, Langley screamed that someone had fired a bullet through the trailer. Langley's mother, Pamela Harris, immediately called 911. Harris told the responding officer that Wheeler drove a silver El Camino and provided the officer with Wheeler's address in Buford.

When Gwinnett County police officers thereafter responded to Wheeler's residence and knocked on the front door, Wheeler's father appeared at a side door, followed by Wheeler. An El Camino, matching the description provided by Langley, was parked outside the residence. The engine was still ticking as if it had just been turned off, and the hood was hot. The investigating detective observed a .22 caliber shell casing in the driver's seat of the vehicle, which he later retrieved. Following his initial investigation, the detective left Wheeler's residence and went to the scene at Harris's residence. During his investigation of the scene, the detective observed that a bullet had entered and exited the bathroom, passing through four separate areas of the trailer. Nine spent .22 shell casings were scattered in the street in front of Harris's residence.

The officers obtained a search warrant for Wheeler's residence. Upon executing the warrant, Wheeler and his father were in the kitchen. The police found a small quantity of marijuana in a plastic cigarette case inside a coffee table in the den and some marijuana on the coffee table. In Wheeler's bedroom, inside a dresser drawer, officers found a makeup compact containing marijuana residue and a marijuana cigarette butt. A loaded 19-inch sawed-off shotgun was

in plain view, leaning against a dining room door, the barrel of which was located in a closet area. Officers also found a .22 caliber pistol under a living room couch and .22 caliber ammunition in a kitchen drawer. According to the detective, Wheeler admitted that the marijuana and the shotgun were his;[1] Wheeler's father also provided a statement, claiming his ownership of the items. The total weight of the marijuana found in the residence was less than one ounce.

Harris testified at trial that her son and Wheeler simultaneously dated the same young woman approximately two or three months before the shooting. A conversation intended to resolve the issue about the mutual girlfriend ended in a tacit threat when Wheeler told Harris that he kept a .22 caliber pistol in his car.

Wheeler's cousin testified as an alibi witness in favor of the defense. According to Wheeler's cousin, on the evening of September 25, 1993, he took his children skating and then to dinner with Wheeler. They returned to Wheeler's cousin's house at approximately midnight, and the two adults watched television until approximately 1:00 a.m., when Wheeler's cousin fell asleep.

1. Wheeler contends that the evidence was insufficient to support his convictions for possession of less than one ounce of marijuana and possession of a sawed-off shotgun because the State failed to show that he was in sole constructive possession of the contraband. We disagree.

> Possession may be either actual or constructive. Constructive possession exists where a person though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing. . . . As long as there is slight evidence of access, power, and intention to exercise control or dominion over an instrumentality, the question of fact regarding constructive possession remains within the domain of the trier of fact.

(Citations and punctuation omitted.) *Bailey v. State*, 294 Ga. App. 437, 439-440 (1) (669 SE2d 453) (2008).

The evidence shows that Wheeler and his father both lived at the residence. Since Wheeler alone was charged with possession of marijuana and the sawed-off shotgun, he argues that the State was required to show that he had sole constructive possession of these items. See *Xiong v. State*, 295 Ga. App. 697, 699 (2) (a) (673 SE2d 86) (2009) ("Where the State prosecutes only one of two or more people who had equal access to the contraband, the State must show sole constructive possession by the defendant.") (citations and punctua-

---

[1] Wheeler does not challenge the admissibility of his statement under *Miranda*.

tion omitted). Compare *Edwards v. State*, 306 Ga. App. 713, 716 (703 SE2d 130) (2010) (where defendant and his wife were jointly charged with possession of methamphetamine and other charges, the state "could establish the element of possession by showing that [defendant] was in joint constructive possession of the contraband").

> If the State presents evidence that a defendant owned or controlled premises where contraband was found, it gives rise to a rebuttable presumption that the defendant possessed the contraband. Although this presumption may be rebutted by showing that others had access to the premises, the equal access doctrine applies to rebut the presumption of possession only where the *sole* evidence of possession of contraband found on the premises is the defendant's ownership or possession of the premises.

(Citations and punctuation omitted; emphasis in original.) *Bailey*, supra, 294 Ga. App. at 439-440 (1). Unlike the defendant in *Xiong*, Wheeler's possession of the contraband was not based solely on his possession of the residence. Rather, the State presented direct evidence of Wheeler's admission that the contraband belonged to him and that some marijuana was found in his bedroom. While Wheeler's father also claimed that the contraband belonged to him, the detective believed that he did so in order to protect his son. The conflicts in the evidence in this regard presented a question for the jury's resolution. See *Mickens v. State*, 277 Ga. 627, 629 (593 SE2d 350) (2004) (discussing jury's province to determine the credibility of the witnesses and to resolve any conflicts in the evidence). Viewing the evidence in the light most favorable to the verdict, the jury was authorized to reject Wheeler's father's claim of ownership and conclude that Wheeler had sole constructive possession of the contraband. Id.; *Bailey*, supra, 294 Ga. App. at 440 (1) (presence of gun in office containing defendant's personal belongings, and defendant's admission that the "guns" and drug contraband found in the house were his supported finding that defendant constructively possessed sawed-off shotgun and cocaine). Accordingly, the evidence was sufficient to support Wheeler's convictions for possession of less than one ounce of marijuana and possession of a sawed-off shotgun. *Sing v. State*, 217 Ga. App. 591, 592 (1) (458 SE2d 493) (1995) (where evidence connects a defendant to contraband "other than his own equal access," the jury determines his guilt or innocence) (citation omitted).

2. Wheeler claims that the trial court erred by failing to charge the lesser included offenses of criminal damage to property in the

588

second degree, reckless conduct, and criminal trespass. We are not persuaded.

> A written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense. However, when the evidence establishes all the elements of the indicted offense and there is no evidence showing the lesser offense, there is no error in refusing to charge the lesser offense.

(Citations and punctuation omitted.) *Thompson v. State*, 277 Ga. App. 323, 325 (3) (626 SE2d 825) (2006).

"A person commits the offense of criminal damage to property in the first degree when he: . . . [k]nowingly and without authority interferes with any property in a manner so as to endanger human life[.]" OCGA § 16-7-22 (a) (1). The Supreme Court of Georgia has construed the phrase "in a manner so as to endanger human life" to mean "reckless endangerment rather than actual endangerment." *Carthern v. State*, 272 Ga. 378, 381 (529 SE2d 617) (2000). Following the Model Penal Code's formulation, our Supreme Court held that an "actual risk of danger must exist and the defendant must at least act recklessly." Id. This construction is consistent with the purpose of the statute "to protect property in the interest of human life[.]" Id. at 380.

Here, the State's evidence showed that at approximately 12:45 a.m. on the incident date, Wheeler intentionally fired several shots into Harris's residence at a time when it was obviously inhabited. There was also evidence that two vehicles were parked in the driveway outside her residence. Although only one bullet entered the residence, the fact that nine empty shell casings were scattered in the street outside Harris's residence showed that Wheeler specifically targeted Harris's residence such that his acts were reckless, rather than negligent. See *Carthern*, supra, 272 Ga. at 381. The evidence also showed that Wheeler previously told Harris that he kept a .22 caliber pistol concealed in his car as a veiled threat that he would use it if Harris's son continued to date the woman whom Wheeler was dating, which evinces Wheeler's motive for the shooting. See OCGA § 16-2-6 (jury may find criminal intent "upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is being prosecuted").

Accordingly, the evidence showed beyond a reasonable doubt that Wheeler committed the offense of criminal damage to property in the first degree when he "[k]nowingly and without authority

interfere[d] with [Harris's property] in a manner so as to endanger human life" by firing several shots at her residence in the early morning hours. OCGA § 16-7-22 (a); *Carthern*, supra, 272 Ga. at 381 (evidence that defendant fired a gun at night into an inhabited dwelling where residents were likely to be present was sufficient to uphold defendant's conviction for criminal damage to property in the first degree; "[t]he fact that the occupants of the house were not physically present does not lessen the risk of danger to others or the recklessness of (defendant's) behavior") (punctuation omitted).

Further, Wheeler presented an alibi defense, claiming that he was not present at the time of the shooting, and his evidence did not reasonably raise an inference which would mitigate the criminal intent required for criminal damage to property in the first degree. See, e.g., *Martin v. State*, 283 Ga. App. 652, 653-654 (642 SE2d 340) (2007) (evidence did not show that defendant was simply negligent when he drove the car with the victim caught on the outside; therefore, no factual basis existed for a charge on reckless conduct). Since the evidence established either the commission of the completed offense as charged, or no crime at all, the trial court did not err in refusing to charge the lesser included offenses of criminal damage to property in the second degree, criminal trespass and reckless conduct. See *Thompson*, supra, 277 Ga. App. at 325 (3); *Brown v. State*, 242 Ga. App. 858, 863 (3) (a) (531 SE2d 409) (2000) (where neither State's evidence nor the defendant's alibi defense "reasonably raised the inference of any intent other than that set out in the indictment (to commit a rape), the requested charge was not supported by evidence") (footnote omitted).

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED JANUARY 20, 2011.

*Sharon L. Hopkins*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.