## A11A0919. BAILEY v. THE STATE.
(715 SE2d 681)

BARNES, Presiding Judge.

A jury found Hillard Bailey guilty of two counts of possession of marijuana with intent to distribute, one count of possession of cocaine, and three counts of possession of a firearm by a convicted felon, and the trial court denied his motion for a new trial. He contends that the State failed to prove possession of the contraband beyond a reasonable doubt. For the following reasons, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and the defendant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a new trial is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.

(Citations and punctuation omitted.) *Taylor v. State*, 303 Ga. App. 88, 89 (693 SE2d 118) (2010).

Construed in favor of the jury's verdict, the evidence showed that police officers executed a search warrant for a house in Villa Rica, Georgia. Police found Bailey in the back yard of the residence. When the officers announced that they had a search warrant, Bailey fled from the yard. After a short chase, Bailey was caught by the police.

A vehicle in the yard outside the residence belonged to Bailey. Inside the residence, the police found a poster on a bedroom door that identified it as Bailey and his girlfriend's room. Bailey's wallet and driver's license were located within the bedroom, in addition to bills addressed to Bailey at the residence. The officers also observed that the bedroom where Bailey's personal items were found had men's clothing in it and was the only bedroom set up "for people to sleep and live out of."

Three different guns were found scattered around the bedroom. A large quantity of cash in different denominations also was discovered during the police search. Furthermore, the police search uncovered suspected marijuana, marijuana plants, and cocaine. Different sized plastic bags were also located at the house that an officer testified were consistent with drug dealing. Bailey was arrested after the search was concluded. Subsequent testing of the seized sub-

stances confirmed that they were marijuana and cocaine.

On the day of the search, an officer spoke with Bailey's daughter and his girlfriend. Both of them told the officer that Bailey lived at the residence where the contraband had been seized.

Following his arrest, Bailey was released on bail, and a second search warrant was executed around a month later with no one at the house. Suspected marijuana, cocaine, digital scales, and different sized plastic bags were found by the police. As in the previous search, subsequent testing confirmed that the seized substances were marijuana and cocaine.

On appeal, Bailey contends that the evidence was insufficient to sustain his convictions because the State was unable to prove the contraband belonged to him. Bailey claims that the undisputed evidence shows that the residence was not his but instead was a "family house" to which his extended family and others had equal access. We are unpersuaded.

"If the State presents evidence that a defendant owned or controlled premises where contraband was found, it gives rise to a rebuttable presumption that the defendant possessed the contraband." (Citation omitted.) *Wheeler v. State*, 307 Ga. App. 585, 587 (1) (705 SE2d 686) (2011). Here, officers observed Bailey at the residence before both of the searches; Bailey was discovered in the back yard of the residence during the execution of the first search; and no one else was found at the residence at the time of the first or second searches. Moreover, the State presented evidence of bills in Bailey's name for the residence, of a poster on the bedroom door with his name on it, of his wallet and driver's license found in the bedroom, and of his vehicle found outside the residence. There also was evidence that title to the residence was in Bailey's name. In light of this combined evidence, the jury was entitled to find that Bailey owned and controlled the residence and thus could infer that the contraband found inside was his. See id.

It is true that the presumption of possession arising from ownership or control of the premises can be overcome by evidence that other persons had equal access to the contraband found there. See *Wilkerson v. State*, 269 Ga. App. 190, 191-192 (2) (603 SE2d 728) (2004). But "in the absence of unrebutted affirmative evidence demanding a finding of equal access," the question of whether the presumption of possession has been overcome is for the jury to resolve. (Punctuation and footnote omitted.) *Mangum v. State*, 308 Ga. App. 84, 87 (1) (706 SE2d 612) (2011). See *Wilkerson*, 269 Ga. App. at 193 (2).

While there was witness testimony in the present case that no one lived at the residence and that it instead was a "family house" used by family members and others for storage, there was evidence

presented by the State that conflicted with this testimony. Specifically, in prior statements to the police made after the first search of the residence, Bailey's daughter admitted that Bailey lived at the residence where the contraband was found, and his girlfriend admitted that he was the owner and occupant there. According to the interviewing officer, neither of them mentioned anything about the residence being a "family house" used only for storage or of others having access to it at the time the contraband was seized. The daughter and the girlfriend contradicted their prior statements to the police when they testified at trial; hence, their prior inconsistent statements were properly admitted and could be considered as substantive evidence by the jury. See *Starling v. State*, 195 Ga. App. 547, 547 (1) (394 SE2d 581) (1990).

In addition, Bailey's girlfriend testified that although her name along with Bailey's was on the poster on the bedroom door, she had never lived or stayed at the residence with him and had never seen any drugs or firearms when she occasionally visited the residence to check on and feed some dogs that were kept there. Moreover, an officer testified that only one bedroom in the residence appeared to be set up with furniture for someone to live in, and it was that bedroom which had men's clothing and Bailey's personal items in it, as well as bills addressed to Bailey at the residence.

Relying upon the prior inconsistent statements of Bailey's daughter and girlfriend to the police, in addition to the girlfriend and officer's testimony discussed above, the jury was entitled to reject Bailey's equal access defense and find that the presumption that he possessed the contraband seized during the first search had not been sufficiently rebutted. Based upon this same evidence, along with the evidence that Bailey was released on bond after the first search of the residence and was observed there by officers on several occasions after his release, the jury likewise was entitled to reject his equal access defense relating to the contraband seized during the second search.

In sum, it was within the province of the jury to assess the credibility of the witnesses and resolve the conflicts in the evidence concerning equal access. See *Wheeler*, 307 Ga. App. at 587 (1). The State presented sufficient evidence for a rational jury to find Bailey guilty beyond a reasonable doubt of the charged offenses. *Jackson*, 443 U. S. 307.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED JUNE 29, 2011 —
RECONSIDERATION DENIED JULY 29, 2011.

*Nathaniel L. Smith*, for appellant.
*Peter J. Skandalakis, District Attorney, David P. Taylor, Assistant District Attorney*, for appellee.