A11A1251. DICKERSON v. THE STATE.
(718 SE2d 564)

BARNES, Presiding Judge.

In September 2004, a jury found Larrion Dickerson guilty of trafficking in cocaine. He received a life sentence without parole. Dickerson timely filed a motion for new trial and filed a motion to modify his sentence. The trial court granted the motion to modify the sentence in October 2010 and resentenced him to 40 years to serve 20, then denied the motion for new trial in November 2010. Dickerson appeals his conviction, pro se, contending that the State presented insufficient evidence to support his conviction, his counsel was ineffective, and the trial judge erred by failing to charge on accomplice testimony and by admitting similar transaction evidence. For the reasons that follow, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Hubbard v. State*, 274 Ga. App. 184, 185 (1) (617 SE2d 167) (2005). We neither weigh the evidence nor judge the credibility of the witnesses, but only determine whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in this light, the facts show that a police detective received information that crack cocaine was being sold from a house on Metropolitan Avenue in Atlanta. The officer recruited a confidential informant who met Dickerson on the front porch, followed him inside the house, and emerged with two "hits" of cocaine. On the basis of that information, the detective obtained a search warrant for the house, which Dickerson had recently rented using an alias. When the warrant was executed a few hours later, Dickerson was not present, but the officers found James Riley in the kitchen throwing crack cocaine into a pot of boiling grease, with cocaine scattered on the stove, counter, and floor. Riley was arrested along with Frenchie Lemon, who had been staying in one of the bedrooms, and both Riley

and Lemon were charged with trafficking.[1] A drug dog found a bag containing individual packages of crack cocaine hidden in the basement. The individual packages were similar to the ones Riley was tossing into the grease pot. The total weight of cocaine seized from the house measured 83 grams.

Lemon testified that Dickerson used the nickname "Doc," had rented the house, and had provided the drugs. She had previously seen cocaine in a bag that was marked "thank you," similar to the bag found in the basement. The trial court admitted evidence of four similar crimes committed by Dickerson.

1. Dickerson contends the evidence was insufficient to sustain his conviction, arguing that the only evidence linking him to the drugs was Lemon's uncorroborated accomplice testimony. In "felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient" and must be supported by the testimony of at least one other witness or by "corroborating circumstances." OCGA § 24-4-8. The additional evidence must be independent of the accomplice testimony and must connect the defendant to the crime or lead to the inference he is guilty. *Johnson v. State*, 288 Ga. 803, 805 (2) (708 SE2d 331) (2011). The trier of fact must decide whether the corroborating evidence is sufficient. Id.

In this case, the State introduced sufficient corroborating evidence of Lemon's testimony that the drugs found in the basement of the house on Metropolitan Avenue belonged to Dickerson. Among other things, the detective's testimony that he saw Dickerson greet the confidential informant on the porch, the two men went inside, and the informant came out with two packages of crack is sufficient.

Dickerson also argues that others had equal access to the drugs found in the basement, and therefore the evidence against him was insufficient. "If the State presents evidence that a defendant owned or controlled premises where contraband was found, it gives rise to a rebuttable presumption that the defendant possessed the contraband." (Citation omitted.) *Wheeler v. State*, 307 Ga. App. 585, 587 (1) (705 SE2d 686) (2011). This presumption of constructive possession arising from ownership or control of the premises can be overcome by evidence that other persons had equal access to the contraband found there. See *Wilkerson v. State*, 269 Ga. App. 190, 191-192 (2) (603 SE2d 728) (2004). But absent "unrebutted affirmative evidence demanding a finding of equal access," the question of whether the presumption of possession has been overcome is for the jury to resolve. (Punctuation and footnote omitted.) *Mangum v. State*, 308

---

[1] Riley's conviction was affirmed in *Riley v. State*, 292 Ga. App. 202 (663 SE2d 835) (2008).

Ga. App. 84, 87 (1) (706 SE2d 612) (2011). "While the presence of others in the house may be viewed as inculpating those individuals, their presence need not be viewed as exculpating [Dickerson]." *Daugherty v. State*, 283 Ga. App. 664, 667 (1) (b) (642 SE2d 345) (2007). Dickerson's arguments about the equal access evidence address the weight of the evidence, which the jury decided against him. We find no error.

2. Dickerson argues that the trial court erred in admitting evidence of four similar transactions. Two of the four transactions involved convictions for possession of cocaine with the intent to distribute, to which Dickerson had pled guilty, and the State introduced certified copies of those convictions. The other two transactions were not convictions, but were established through the testimony of two police officers, both of whom arrested Dickerson for possession of cocaine with the intent to distribute.

We review a trial court's decision to admit such evidence for an abuse of discretion. *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998). To qualify for admission as a similar transaction, the State must show that (1) it is introducing the evidence for an appropriate purpose, (2) sufficient evidence establishes that the accused committed the independent offense, and (3) sufficient similarity exists between the independent offense and the crime charged, so that "proof of the former tends to prove the latter." *McKibbons v. State*, 226 Ga. App. 452, 454-455 (3) (486 SE2d 679) (1997). As the record shows the presence of all factors required to authorize admission of the similar transaction evidence in question, we find no error by the trial court.

Dickerson asserts that the State said it would call a chemist to testify that the substance with which he was arrested was cocaine, but then did not do so. Presumably he intended to argue that the trial court therefore erred in admitting evidence of the two arrests. We find no error. Dickerson's counsel stipulated to the admissibility of one of the lab reports identifying the material seized as positive for cocaine and weighing 37.8 grams, which the State read into the record. As to the second arrest, the arresting officer testified without objection that he knew what crack cocaine looked like and that he saw Dickerson sell a package from a plastic bag containing 65 individual packages of crack cocaine. The trial court did not abuse its discretion in admitting evidence of transactions similar to the one for which Dickerson was on trial.

3. Dickerson contends the trial court erred in failing to find that his trial counsel was ineffective.

We will not reverse a trial court's determination that a defendant received effective assistance from trial counsel unless clearly erroneous. *Johnson v. State*, 266 Ga. 380, 383 (2) (467 SE2d 542)

(1996). To determine the validity of an ineffective assistance of counsel claim, we consider whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense, or whether a reasonable probability exists that the outcome would have been different if counsel had not been deficient. *Jones v. State*, 289 Ga. App. 219, 222 (2) (656 SE2d 556) (2008).

(a) Dickerson contends his trial counsel was ineffective for failing to file a motion to suppress the evidence found during the execution of the search warrant. Dickerson asserts the warrant was based on a "fraudulent misrepresentation" in the affidavit, without which probable cause would not exist. When trial counsel's failure to file a motion to suppress is the basis for an ineffective assistance claim, "the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." *Richardson v. State*, 276 Ga. 548, 553 (3) (580 SE2d 224) (2003).

Specifically, Dickerson argues that the affiant incorrectly implied that he had seen the confidential informant buy drugs directly from Dickerson. During the hearing on Dickerson's motion for new trial, the trial court considered the affidavit absent the representation that the affiant saw the informant buy drugs from Dickerson, and determined that the affidavit was still sufficient to establish probable cause for the search warrant. We find no flaw in this analysis, and absent a likelihood of success, Dickerson's counsel was not ineffective for failing to file a motion to suppress. See *Sullivan v. State*, 284 Ga. 358, 361 (2) (667 SE2d 32) (2008).

(b) Dickerson contends his trial counsel was also ineffective for failing to request a jury charge that an accomplice's testimony had to be corroborated, which was harmful because Lemon's testimony was the only evidence offered to connect him to the drugs found in the basement. "[S]uch corroboration need only be slight, and there was considerable evidence corroborating [Lemon's] testimony. . . . Accordingly, we do not conclude that there is a reasonable probability that the outcome of the trial would have been different had the charge been requested." (Citations omitted.) *Hinely v. State*, 275 Ga. 777, 782 (2) (e) (573 SE2d 66) (2002).

4. The trial court did not err in failing to charge the jury sua sponte that accomplice testimony "should be viewed with suspicion and caution."

> This state's requirement is one of corroboration and where there is corroboration, the law of this state does not require an additional instruction to the jury that the testimony of the accomplice must be received with skepticism. Although it is not error to give such an instruction upon request, we

decline to hold that the failure to so charge where the corroboration requirement has been satisfied is error requiring a new trial.

(Citation omitted.) *Haas v. State*, 146 Ga. App. 729, 733 (7) (247 SE2d 507) (1978); see also *Ladson v. State*, 248 Ga. 470, 476-477 (9) (285 SE2d 508) (1981).

5. Dickerson's motion for sanctions is denied.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED NOVEMBER 1, 2011.

Larrion Dickerson, *pro se.*

Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Paige Reece Whitaker, Assistant District Attorneys, for appellee.