**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 16, 2012**

# In the Court of Appeals of Georgia

A12A1429. JONES v. THE STATE.

MCFADDEN, Judge.

After a bench trial, Brandon Jones was convicted of trafficking in methamphetamine. He appeals, challenging the sufficiency of the evidence, the denial of a motion to suppress evidence seized from his home, certain evidentiary rulings, and the effectiveness of his trial counsel. Because the conviction is supported by sufficient evidence, the police searched the home pursuant to a valid warrant, no evidentiary rulings constituted harmful error, and there is no showing that trial counsel's performance was deficient or prejudiced the defense, we affirm.

1. *Sufficiency of the evidence.*

Jones argues that the evidence supporting his conviction was insufficient because another person had equal access to the methamphetamine. The argument is without merit.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of the witnesses, but only determine whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offense beyond a reasonable doubt.

(Citations and punctuation omitted.) *Dickerson v. State*, 312 Ga. App. 320 (718 SE2d 564) (2011).

So viewed, the evidence shows that on November 26, 2007, police officers were called to Jones' home to investigate a shooting. Jones told the officers that he had committed the shooting, but claimed he had acted in self-defense as two men attempted an invasion of his home. During the investigation, the officers learned that there was an outstanding arrest warrant for Jones and they eventually took him into custody based on that warrant. While they were in the living room interviewing Shasta Maners, Jones' girlfriend who also lived in the house, about the shooting, officers observed a marijuana cigarette lying on a pool table. Maners told the officers that there was probably more marijuana in the house. After Maners refused to consent

2

to a search of the residence, the officers secured the premises and obtained a search warrant. They then conducted a search of the residence, discovering 325 grams of methamphetamine, digital scales, guns, and approximately $90,000 in Jones' bedroom closet. Jones subsequently gave a statement to police admitting that everything found at the house was his.

Jones argues that since Maners was living in the house with him, she had equal access to the methamphetamine. However, Jones' reliance on the equal access rule to rebut the presumption that he possessed the drugs found in his residence is misplaced because "the equal access doctrine applies to rebut the presumption of possession only where the sole evidence of possession of contraband found on the premises is the defendant's ownership or possession of the premises." (Citation omitted.) *Bailey v. State*, 294 Ga. App. 437, 440 (1) (669 SE2d 453) (2008). In this case, the fact that the methamphetamine was found in Jones' residence was not the sole evidence of his possession; Jones' statement that everything found in the house belonged to him was additional evidence that he possessed the methamphetamine. See *Wheeler v. State*, 307 Ga. App. 585, 587 (1) (705 SE2d 686) (2011) (defendant's possession of contraband not based solely on his possession of residence where there was also evidence that he admitted contraband belonged to him). Accordingly, we

conclude that there was sufficient evidence from which a rational trier of fact was authorized to find Jones guilty beyond a reasonable doubt of trafficking in cocaine.

2. *Motion to suppress.*

Jones argues that the trial court erred in failing to suppress the evidence seized during an illegal warrantless search of his home. The argument is without merit since, as noted above in Division 1, officers did not conduct a warrantless search of the home, and instead searched the residence pursuant to a search warrant. Jones supports his claim of a warrantless search by citing conflicting evidence purporting to show that the officers entered the home without permission and conducted the search before they obtained the search warrant. However, it was within the trial court's province as factfinder to resolve any conflicts in the evidence.

> Because the trial court sits as the trier of fact when ruling on a motion to suppress or a motion in limine, its findings based upon conflicting evidence are analogous to a jury verdict and should not be disturbed by a reviewing court if there is any evidence to support them. When we review a trial court's decision on such motions to exclude evidence, we construe the evidence most favorably to uphold the findings and judgment, and we adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous. . . . Further, when reviewing a trial court's ruling on a motion to suppress, we may consider trial testimony in addition to the testimony submitted during the motion to suppress hearing.

4

(Citations and punctuation omitted.) *Hesrick v. State*, 308 Ga. App. 363 (707 SE2d 574) (2011). Here, at both the motion to suppress hearing and the bench trial, testimony from the officers established that they were allowed to enter the home by Jones and others to investigate the shooting, and that they conducted the search only after seeing marijuana in plain view and obtaining the search warrant. Because there is evidence supporting the finding that the search and seizure of items in the home were made pursuant to a search warrant, that finding must be upheld.

Jones' further argument that there was not probable cause to support the search pursuant to the warrant is likewise without merit. The officers' observation of a marijuana cigarette lying in plain view while they were lawfully in the house to investigate the shooting, along with Maners' statement that there were probably other drugs in the house, provided probable cause for the search. See *Barnett v. State*, 204 Ga. App. 491, 493-494 (1) (b) (420 SE2d 43) (1992) (plain view observations and statement concerning location of drugs provided probable cause for search).

3. *Jackson-Denno*.

Jones claims the trial court erred in admitting his statement to police because it was not freely and voluntarily obtained. However, the trial transcript shows that the trial court held a hearing pursuant to *Jackson v. Denno*, 378 U.S. 368 (84 SC 1774,

5

12 LE2d 908) (1964), at which the officer who took the statement testified that Jones was rational and coherent, that he was not coerced or promised anything, that he was fully advised of his rights, that he signed a waiver of those rights, and that he then gave the written statement voluntarily. Based on the evidence presented at the *Jackson-Denno* hearing, the trial court's finding that the statement was freely and voluntarily given was authorized and must be upheld. See *Hester v. State*, 287 Ga. App. 434, 437-438 (2) (651 SE2d 538) (2007) (trial court authorized to find that defendant freely and voluntarily gave statement after having knowingly waived rights, where no evidence of alleged threats to defendant was offered at *Jackson–Denno* hearing).

4. *Correcting omission from record.*

Jones complains that the trial court erred in admitting his statement to police into evidence at the motion for new trial hearing because the record was unclear as to whether the statement had been admitted into evidence at the bench trial. Contrary to this complaint, not only has Jones acknowledged in his brief that the statement was indeed admitted at trial, but the record clearly shows that the statement was so admitted.

6

At the pre-trial motion to suppress hearing, Jones testified that he gave a written statement to police admitting that he had methamphetamine in the house. As noted above in Division 3, a *Jackson-Denno* hearing was held regarding that written statement, the state then tendered the document for admission into evidence, and the trial court admitted the statement. Prior to the close of the state's case, the prosecutor confirmed with the court that it had the statement, along with other exhibits, which had been admitted.

Nevertheless, when the case came on for the motion for new trial hearing, the written statement was not included in the record. The state presented the written statement at the new trial hearing, and the trial judge stated that even though it had somehow gotten lost, he was able to sufficiently identify it as the statement which he had admitted after the *Jackson-Denno* hearing at trial. The court then admitted the statement and made it part of the record at the motion for new trial hearing.

"If anything material to either party is omitted from the record on appeal or is misstated therein, . . . the trial court, . . . on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected and, if necessary, that a supplemental record shall be certified and transmitted by the clerk of the trial court." OCGA § 5-6-41 (f). Indeed, "[w]here the correctness of the record is called

7

into question the matter is to be resolved by the trial court." (Citations and punctuation omitted.) *State v. Nejad*, 286 Ga. 695, 697 (1) (690 SE2d 846) (2010). Under the circumstances of this case, the trial court was authorized to correct the record by supplementing it with the inadvertently omitted statement of the defendant.

5. *Harmless error in admitting defendant's suppression hearing testimony.*

The trial court found that the erroneous admission of Jones' suppression hearing testimony at the bench trial was harmless. Jones enumerates that finding as error. We disagree.

At the motion for new trial hearing, the trial court correctly ruled that during the bench trial the state had improperly introduced Jones' suppression hearing testimony that he told police he had drugs in the house. See *Simmons v. United States*, 390 U.S. 377, 394 (III) (88 SC 967, 19 LE2d 1247) (1968) (suppression hearing testimony of a defendant inadmissible at trial on the issue of guilt). But the court also correctly found that such error was harmless in light of Jones' properly admitted written statement admitting ownership of everything found in the house. See *Jackson v. State*, 291 Ga. 22, 24 (2) (727 SE2d 106) (2012) (improper admission of evidence harmless where cumulative of other properly admitted evidence). Moreover, even though admission of the suppression hearing testimony was objectionable, the trial

judge was already familiar with that evidence since he had also presided over the suppression hearing, and "since the judge was acting as both judge and jury [at the bench trial], it must be presumed that he has sifted the wheat from the chaff and selected the legal testimony from that which is illegal and incompetent, unless from the judgment itself it appears that consideration was given to testimony that should have been excluded." (Punctuation and citations omitted.) *Schenck v. State*, 128 Ga. App. 270, 271-272 (2) (196 SE2d 362) (1973). Because the judgment itself does not reveal otherwise, we must presume that it is based on the competent evidence in the record.

6. *Ineffective assistance of counsel.*

Jones claims his trial counsel was ineffective. "To prevail on an ineffective assistance of counsel claim, a criminal defendant must show that his counsel's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." *Fitzpatrick v. State*, ___ Ga. App. ___ (2) (Case No. A12A0916, decided October 11, 2012).

a) *Failure to introduce evidence bag at suppression hearing.*

9

Jones claims trial counsel was ineffective in failing to introduce, during the suppression hearing, the evidence bag containing the methamphetamine because the time shown on the bag would have established that the contraband was seized prior to the police obtaining the search warrant, and all evidence in the bag would have been deemed inadmissible. However, at the bench trial, Jones elicited testimony establishing the time shown on the evidence bag, and an officer then explained the discrepancy between that time and the time of the subsequent search. Thereafter, Jones renewed his motion to suppress, which the trial court denied. Thus, even if trial counsel was deficient by not introducing the evidence bag at the suppression hearing, Jones has not shown prejudice. There is no reasonable probability that, but for the alleged deficiency, the trial court would have granted the motion to suppress since the trial court in fact denied the renewed motion to suppress even after hearing testimony concerning the time shown on the evidence bag. See *Harris v. State*, 265 Ga. App. 876, 877 (1) (a) (595 SE2d 683) (2004) (no ineffective assistance where defendant failed to show that motion to suppress would have been granted).

b) *Failure to advise of right to jury trial.*

Jones' contention that trial counsel was ineffective in failing to advise him of his right to a jury trial is belied by the record. Trial counsel testified that he advised

10

Jones of the differences between a jury and bench trial and discussed with him his decision to proceed with a bench trial. And prior to the start of the trial, the court informed Jones of his right to a jury trial, and Jones expressly indicated that he did not want a jury trial. Under these circumstances, Jones has failed to show that counsel's performance was deficient. See *Mantooth v. State*, 303 Ga. App. 330, 334-335 (1) (a) (693 SE2d 587) (2010).

c) *Constructive denial of counsel.*

Nevertheless, Jones contends that prejudice should be presumed because his trial counsel's actions at various points during the trial amounted to a constructive denial of counsel. See *Hardeman v. State*, 281 Ga. 220, 222 (635 SE2d 698) (2006) (constructive denial of counsel is one of a narrow range of circumstances in which the prejudice component of a claim of ineffective assistance of counsel can be presumed). "A constructive denial is not present unless counsel entirely fails to subject the prosecution's case to meaningful adversarial testing. The attorney's failure must be complete and must occur throughout the proceeding and not merely at specific points." (Citations and punctuation omitted.) *Wade v. State*, 315 Ga. App. 668, 671 (727 SE2d 275) (2012).

The record in this case does not show that trial counsel entirely failed to subject the state's case to meaningful adversarial testing throughout the proceeding. On the contrary, the record shows that counsel had ample time to prepare and consult with his client. Counsel filed a production request for the state's evidence, and filed motions for disclosure of exculpatory information, to suppress evidence seized from Jones' home, and to exclude Jones' statement to police. At the motion to suppress hearing, counsel made a lengthy opening statement thoroughly cross-examined the state's witnesses, presented six witnesses on behalf of the defense, introduced various exhibits and made extensive arguments in support of the motion. At the bench trial, counsel again subjected the state's witnesses to thorough cross-examinations, raised objections, and renewed the motion to suppress. Accordingly, this is not a case of constructive denial of counsel since Jones "has not demonstrated a breakdown in the adversarial process that would justify a presumption that his conviction was insufficiently reliable to satisfy the Constitution." (Citation and punctuation omitted.) *Wade*, supra at 673.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*