MILLER, Presiding Judge,
concurring in part and dissenting in part.
I concur in judgment only in Division 1 of the majority’s opinion. I understand the majority’s concerns about the law in this area, however, as judges we must respond to the law as it stands at the time the case is before us and not as we think it should be.
I must dissent in Division 2 because I do not agree that this Court should vacate Wright’s DUI less safe conviction. This case involved a stipulated bench trial in which the state and the defense agreed on the evidence presented, which showed that Wright committed a traffic violation, he admitted that he had a few drinks, and he failed the field sobriety tests, and the alco-sensor confirmed the presence of alcohol. Clearly the trial court was more than capable of discerning between admissible and inadmissible evidence when considering the DUI less safe charge. For this reason, I would affirm Wright’s conviction for DUI less safe.
1. As a threshold matter, the majority addresses an argument Wright did not preserve for appellate review — that his DUI less safe conviction was tainted. In a single line, the last line of his brief, Wright merely asserts: “Appellant respectfully requests this Court find the trial court allowed the results of the State-administered test in error, vacate Appellant’s convictions for DUI, and remand this matter for a new trial.” (Emphasis supplied.) From this statement, this one word “convictions” in plural form, the majority concludes that Wright preserved the argument it now addresses. I disagree. This is a departure from the Court of Appeals Rules and defies common sense.
The majority’s conclusion is clearly flawed. Wright did not make any argument or cite any law in support of this claim, and thus he has abandoned this issue. Felix v. State, 271 Ga. 534, 539 n. 6 (523 SE2d 1) (1999); Court of Appeals Rule 25 (c) (2). Consequently, despite the very forgiving mandates of the Appellate Practice Act, we cannot and *230 should not reach this issue. The Appellate Practice Act must “be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to in [the Act].” (Emphasis supplied.) OCGA § 5-6-30. The entire argument and citation to authority in Wright’s brief focuses solely on the failure to provide an independent test upon request. Wright does not “raise therein” any argument that the inadmissible results of the state-administered test tainted the DUI less safe conviction. Even viewing the notice of appeal, the record, and the enumeration of error combined, Wright did not make the argument that the majority addresses. OCGA § 5-6-48 (f); Jackson v. State, 309 Ga. App. 796, 800 (2) (714 SE2d 584) (2011) (concluding that, under this Court’s rules, “[t]o the extent Jackson intended to question the sufficiency of the evidence on another basis, his claim of error has been abandoned”). Therefore, this Court should not reach this argument.
2. Even if the issue of the validity of the DUI less safe conviction were properly before this Court, I would affirm Wright’s conviction. After all, this was a bench trial. There were no witnesses, no jury, and no disputes about what the evidence showed.
Since this was a bench trial, there was no jury that could have been influenced by the judge’s comments. In a bench trial it is presumed that the judge, as the trier of fact, is able to distinguish between competent and incompetent evidence and consider only that evidence which is admissible.
(Citation and punctuation omitted.) Corsini v. State, 238 Ga. App. 383, 385 (2) (519 SE2d 39) (1999). Accordingly, contrary to the majority, I would presume that the trial court is well-versed in the law such that its evaluation of the facts of this case was not influenced by the results of the state-administered test in this stipulated bench trial. Jones v. State, 318 Ga. App. 614, 618 (5) (734 SE2d 450) (2012) (absent evidence to the contrary, this Court must presume in a bench trial that the trial court “has sifted the wheat from the chaff and selected the legal testimony from that which is illegal and incompetent”) (citation omitted).
At the very least, our citizens must be able to trust our trial courts to evaluate the evidence and make the distinction between what is admissible and what is not for each charged offense. If we do not trust the trial courts, our system of justice will completely erode. Moreover, as the majority concedes, the remaining evidence was sufficient to support a conviction for DUI less safe. Because there was *231 sufficient evidence, and there was no jury that could have been prejudiced by the inadmissible breathalyzer result, I cannot conclude, as the majority does, that there is harmful error. Accordingly, I would affirm Wright’s conviction for DUI less safe.
Decided July 15, 2016
Tyler Law Firm, Lance W. Tyler, for appellant.
Sherry Boston, Solicitor-General, WystanB. Getz, Assistant Solicitor-General, for appellee.